[Civ. No. 48984. Second Dist., Div. Five. Feb. 16, 1977.]

**BENEFICIAL STANDARD PROPERTIES, INC.,**
Plaintiff and Appellant, v.
FRAN W. SCHARPS, Defendant and Respondent.

COUNSEL

Powers & Tilson and James C. Powers for Plaintiff and Appellant.

Cadoo, Tretheway, McGinn & Morgan and Alvin S. Tobias for Defendant and Respondent.

**OPINION**

HASTINGS, J.—Beneficial Standard Properties, Inc., plaintiff and appellant (Beneficial) is the lessee of property owned by the County of

Los Angeles on which the Marina Shopping Center is now located. Plaintiff, in turn, leased premises in that shopping center to Howard J. Scharps (Howard) and Fran W. Scharps (Fran), defendant and respondent, pursuant to a written sublease. The sublease provided that, should either party bring or commence legal proceedings to enforce any of the terms of the lease, the successful party shall be entitled to receive reasonable attorneys' fees and costs as fixed by the court. Upon expiration of the five-year term of the sublease, Beneficial brought an action against the Scharps for unlawful detainer. Howard defaulted, but Fran answered, contending that the sublease had been extended through exercise of an option. Both Beneficial and Fran, in their pleadings, referred to the attorneys' fee provision and sought to recover attorneys' fees if they prevailed in connection with the action.

Beneficial moved for summary judgment and that motion was granted. A judgment pursuant thereto was entered in favor of Beneficial and against Fran, which included, among other things, an award of costs to Beneficial. After entry of the judgment, Beneficial filed a memorandum of costs which included as an item of costs an amount for attorneys' fees. Fran moved to tax costs, alleging that attorneys' fees were not properly includable as an item of costs. In an attached memorandum, she further argued that the amount of fees was excessive. Fran made no factual showing in support of the motion to tax costs. Beneficial filed a declaration in opposition to the motion to tax costs which included copies of Beneficial's attorneys' bills for their services rendered in connection with the case, together with a statement of the hours spent working on the matter, and a statement that the bills had all been paid by the client. The court, in its minute order denying attorneys' fees, stated the following: "Where, as in the instant case, the contract provides for an award of attorney fees to the prevailing party, *they are recoverable not as costs but as special damages* which must be particularly alleged and demanded in the complaint.' The clause must be pleaded and proved as well. (4 Witkin, Cal. Procedure, Judgment, p. 3270.) (See also *T. E. D. Bearing Co.* v. *Walter E. Heller & Co.,* 38 Cal.App.3d 59, 61 [112 Cal.Rptr. 910].)"

Two issues are raised on appeal: ■ (1) Whether, as a matter of law, attorneys' fees could properly be claimed as an item of cost and (2) if so, was the amount claimed excessive.

1. Interestingly, both parties rely on *T. E. D. Bearing Co., supra,* in support of their position on the first issue. As would be expected in such

a situation, they each interpret it differently. The pertinent portions of the opinion, beginning on page 61, are: "Plaintiff is correct in contending that attorneys' fees which are based on contract rather than on statute cannot be taxed as *costs* under section 1021 of the Code of Civil Procedure [citations], and that contracts providing that the aggrieved party may recover attorneys' fees, which are recoverable as special damages and not as costs, must be alleged and demanded in the complaint. [Citation.] The rule is 'that where attorneys' fees are allowed *solely* [italics added] by virtue of contract they *cannot* [italics in original] be recovered by merely including them in the memorandum of costs.' [Citation.] [¶] But where attorneys' fees are awarded *pursuant to a statute* rather than by contract, they are costs . . . [¶] Had we had nothing more before us than these contracts, respondents could not properly have recovered attorneys' fees as costs; respondents' rights would then be based on contract and they would have had to specially plead and prove the attorneys' fees, which respondents failed to do."

The opinion then cited section 1717 of the Civil Code.[1] It explained that the primary purpose of this section is to transfer a unilateral contractual contract right to attorneys' fees into a reciprocal provision, giving the right to recover to either party. It then explained that the contracts before it provided that attorneys' fees and costs would be awarded to only one of each of the contracting parties; therefore, the contracts in said case brought section 1717 into play. This conclusion was followed, starting at p. 63, by this statement: "The legal situation before us is, perhaps, unique in the sense that Civil Code section 1717 has been used in the past to benefit the prevailing party in cases where the prevailing party was not also the party to be benefited by the unilateral contractual provisions granting attorneys' fees. That is, the cases we have found have generally dealt with the granting of attorneys' fees to the prevailing party, under Civil Code section 1717, where the contract had granted attorneys' fees solely to *the other* contracting party who lost the law suit. But the language of Civil Code section 1717 is not so limited as

[1]Civil Code, section 1717 provides as follows: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

this. The statute says that attorneys' fees shall be awarded to 'the prevailing party, whether he is the party specified in the contract or not.' The language of Civil Code section 1717 does not say that attorney fees will be awarded to the party not benefited by the provision granting attorneys' fees if that party prevails. *The language is broader than that, and it awards attorneys' fees to 'the prevailing party' whether he is the one specified in the contract or whether he was the one to be disadvantaged by the contract.*" (Italics added.)

Fran argues that *T. E. D. Bearing* establishes that section 1717 applies only to unilateral contracts (naming one party only as entitled to fees) and, therefore, it cannot apply to a clause in a contract that names both parties because the rights of each are based solely on the contract.

Beneficial disagrees, claiming that *T. E. D. Bearing* interprets Civil Code section 1717 as allowing fees to the "prevailing party" and is not limited to just unilateral contracts.

The contracts in *T. E. D. Bearing* were unilateral (as used here); therefore, it was addressing itself only to that issue. However, it does for the first time, at least to our knowledge, recognize that the language of the section is broader in scope than has usually been attributed to it. While the primary purpose might have been to transfer a unilateral contractual right to attorneys' fees into a reciprocal right to a non-named party, the language of the section is not limited to this purpose alone. The pertinent words are: ". . . the prevailing party, *whether he is the party specified in the contract or not,* shall be entitled to reasonable attorney's fees . . ." (Italics added.) As *T. E. D. Bearing* said at page 63: " . . . section 1717 does not say that attorney fees will be awarded *to the party not benefited* by the provision granting attorneys' fees if that party prevails. The language is broader than that, and it awards attorneys' fees to 'the prevailing party.' " (Italics added.)

In our present case, the provision in question states: "In the event either party brings . . . legal proceedings to enforce any of the terms of this lease, the successful party in such action shall then be entitled to receive . . . attorney's fees. . . ." Each party to the lease is included in this language and therefore is a specified party and the only requirement remaining to bring section 1717 into operation is that one of them becomes the prevailing[2] party in an action concerning the lease. The end

---

[2]The lease says "successful party" which we interpret as being synonymous with prevailing party.

result is therefore the same as in *T. E. D. Bearing* in that Beneficial had rights to attorneys' fees by contract and also by statute, and therefore an option as to the procedure to follow. The trial court could have properly granted attorneys' fees as "costs" to Beneficial as the "prevailing" party "in whose favor final judgment is rendered."[3]

We realize that the practical effect of the rule established in *T. E. D. Bearing Co.* and applied here eliminates the need to plead attorneys' fees as special damages and that henceforth, if the litigant so chooses, attorneys' fees permissible under section 1717 will be determined by the court as costs. In jury trials an election to follow this procedure will remove the issue of attorneys' fees from the jury's determination. For reasons set forth in footnote 3, *ante,* we believe this is a desirable result.

2. The second issue on appeal is that the attorneys' fees requested were excessive. It is clear from the court's minute order denying attorneys' fees that it ruled as a matter of law that the fees could not be granted as an item of costs, thereby no consideration was given to the reasonableness of the request. Beneficial submitted a detailed declaration in support of its claim for attorneys' fees. ■ When a motion to tax costs is filed, the court has the duty to ascertain the costs to be allowed (see Code Civ. Proc., § 1033). It is left to the court's discretion to determine the reasonableness of the fees claimed. In view of the fact that the court did not consider Beneficial's request for fees, this matter must be returned to the trial court for such determination.

The order denying attorneys' fees is reversed.

Kaus, P. J., and Stephens, J., concurred.

---

[3]Where a party has the option to obtain fees pursuant to contract or statute, there are sound reasons for requesting them as costs. When a case is tried, neither party knows whether he will prevail until the trial is concluded, so both parties must present evidence of attorneys' fees and estimates must be made on work yet to be performed. It saves time and is more efficient if the prevailing party obtains fees after the judgment when all the facts are known by seeking them as costs.