Opinion
DOWDS, J.
Plaintiffs sued for breach of a contract whereby defendant agreed to sell them certain real property. The parties agree that a contract was entered into and that it provided “In the event that either party shall be required to institute legal action to enforce the terms of *Supp. 14 this Agreement or rights arising out of this Agreement, the prevailing party shall be entitled to receive from the other party reasonable attorney’s costs and fees in an amount to be determined by the court having jurisdiction of such action.” Plaintiffs alleged certain breaches by defendant, largely relating to the condition of the property purchased, and stated in general terms that they “have suffered actual out-of-pocket damages in a sum not yet ascertained.” They did not specifically allege that any liability for attorneys’ fees had been incurred or paid, but they prayed for reasonable attorneys’ fees, as a Separate and distinct item in addition to costs, along with other relief. The court gave judgment for plaintiffs against defendant in the sum of $2,647.86 plus court costs and attorneys’ fees in the sum of $700. Although not part of the clerk’s transcript provided us, defendant apparently filed a cross-complaint against plaintiffs and others and the court gave judgment for the cross-defendants on the cross-complaint. Plaintiffs and cross-defendants Herzog thereafter filed a cost memorandum claiming, among other items, “Attorneys’ fees as costs Civil Code Section 1717” in the sum of $4,222.65. Defendant’s motion to tax costs was substantially denied by an order reading “Motion to tax costs denied. Court allows Attorneys Fees less $700. All other costs allowed.” Defendant appeals from this order in respect of her motion to tax costs.
While one seeking to recover damages pursuant to a contract must ordinarily plead and prove the contract, his own performance, the breach and damages resulting therefrom, in at least one case an exception has been created in respect of a contractual provision to pay attorneys’ fees, such as is here involved. In reasoning based upon Civil Code section 1717, the Court of Appeal in Beneficial Standard Properties, Inc. v. Scharps (1977) 67 Cal.App.3d 227, 231-232 [136 Cal.Rptr. 549] determined that the prevailing party in litigation respecting a contract providing for mutual rights to attorneys’ fees has “an option” either to plead and prove such fees as damages under the contract or to claim them as costs.[1]
 The word “option” implies an election or the right, power or liberty of choosing. (See Glenn v. Bacon (1927) 86 Cal.App. 58, 63 [260 P. 559].) An “election” means to make a choice between two alternatives. (See Firemen’s Benevolent Assn. v. City Council (1959) 168 Cal.App.2d 765, 769 [336 P.2d *Supp. 15 273].) Applying the rule of Beneficial Standard Properties, Inc. v. Scharps, supra, for the purposes of this opinion[2] we conclude that a party seeking to recover attorneys’ fees as the prevailing party in an action on a contract providing for such fees must make an election whether to plead and prove such fees as damages under the contract or claim them as costs of suit. In other words the party must follow either procedure but not both.
Plaintiffs, having submitted their right to attorneys’ fees to the court as damages under the contract, exercised their option and the alternative of claiming additional fees as costs was no longer available to them.[3]
The order denying defendant’s motion to tax costs is reversed with directions to grant said motion by striking from the plaintiffs’ cost memorandum item 20: “Attorneys’ fees as costs pursuant to Civil Code § 1717 $4222.65.”
Appellant to recover her costs on appeal.
Cole, P. J., and Saeta, J., concurred.

But see Mabee v. Nurseryland Garden Centers, Inc. (1979) 88 Cal.App.3d 420, 427 [152 Cal.Rptr. 31], pointing out that the effect of Civil Code section 1717 is to convert a unilateral contractual right to attorneys’ fees to a bilateral one and that said section does not “convert every contractual entitlement of a prevailing party to attorney fees into a statutory right recoverable only as a part of costs.”

We discuss plaintiffs’ right to further attorney fees under Beneficial Standard Properties, Inc. v. Scharps, supra, as under that case plaintiffs’ rights appear strongest although still unavailing. We are of the view, however, that the correct rule relating to attorney fees under a “prevailing party” or mutual clause is stated not in Beneficial Standard, but in Mabee v. Nurseryland, supra, and T.E.D. Bearing Co. v. Walter E. Heller & Co. (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910]. The latter two cases hold, contrary to Beneficial Standard, that Civil Code section 1717 applies only to unilateral fee clauses.

If plaintiffs were disappointed in the amount of attorneys’ fees awarded as damages, their remedy was a motion for a new trial on the issue of damages.