[No. B028195. Second Dist., Div. Three. Sept. 7, 1988.]

M. C. & D. CAPITAL CORPORATION, Plaintiff and Appellant, v. JOSEPH L. GILMAKER et al., Defendants and Appellants.

**COUNSEL**

Robert W. Peinado, Grant & Popovich and Irvin Grant for Plaintiff and Appellant.

Cottle & Keen, Matsuk & Orr and Edwin P. Martin for Defendants and Appellants.

**OPINION**

**ARABIAN, J.—**

### INTRODUCTION

Plaintiff and cross-appellant M.C. & D. Capital Corporation (M.C.D.) filed an action against defendants and appellants Joseph L. Gilmaker and Edwina D. Gilmaker (collectively referred to as the Gilmakers) for specific

performance of an agreement for the sale of real property. Judgment in favor of the Gilmakers was affirmed by the Court of Appeal, Second Appellate District, Division Three, in an unpublished opinion filed on July 10, 1986, No. B009319. The present appeal and cross-appeal are from the trial court's postjudgment order regarding plaintiff's motion to strike or tax costs in the trial court and on appeal. The Gilmakers appeal that portion of the order which disallowed costs and attorney's fees on appeal. M.C.D. cross-appeals on that portion of the order which allowed costs and attorney's fees in the trial court. We affirm in part and reverse in part, remanding to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

The action for specific performance of the real estate sales agreement between M.C.D. and the Gilmakers was filed in May 1980. The sales agreement contained the following provision: "In any action or proceeding arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs."[1] After a court trial, the trial judge signed a statement of decision and judgment on August 3, 1984, in favor of the Gilmakers, stating, "IT IS THE JUDGMENT OF THIS COURT, that the Plaintiff take nothing by its Complaint and that the Defendants recover their reasonable attorney's fees and costs incurred herein." They were filed on August 8, 1984. On August 16, 1984, the trial court filed an order amending the judgment to direct expungement of the lis pendens that had been recorded. M.C.D. sent a letter to the trial judge objecting to the signing and filing of judgment prior to expiration of the time for filing objections to the proposed statement of decision.

On August 22, 1984, M.C.D. filed a motion for new trial, and on September 28, 1984, upon conclusion of the hearing on the motion, an amended judgment was filed. On October 9, 1984, the Gilmakers filed a memorandum of costs and disbursements with the clerk, on October 10, 1984, served a copy on M.C.D., and on October 12, filed the proof of service. M.C.D. filed a motion to strike costs or, in the alternative, to tax costs. The hearing on that motion was deferred pending the outcome of M.C.D.'s appeal from the judgment.

The judgment was affirmed by this division. The opinion was silent regarding the award of costs on appeal. The Gilmakers made a motion with the appellate court to modify its decision by adding a direction to the trial court to determine the amount of costs and attorney fees to be awarded to

---

[1] The record on this appeal and cross-appeal does not contain a copy of the agreement. Both parties represent that the agreement contained this provision.

the Gilmakers for legal services rendered on the appeal "to avoid and obviate motions and objections by [M.C.D.] in the trial court below objecting to the Trial Court's determination of the amount of attorney's fees to be awarded to [the Gilmakers] for successfully defending its judgment on appeal." The appellate court denied the motion without comment.

The remittitur dated September 10, 1986, states, "Affirmed In Full," and with appropriate check marks indicates that the Gilmakers were to recover costs.

The Gilmakers filed a supplemental memorandum of costs and disbursements to include costs and attorney's fees on appeal. M.C.D. filed supplemental points and authorities in support of its motions to strike or tax costs, arguing that the trial court was without jurisdiction to award attorney's fees for services rendered on an appeal unless it was conferred by the Court of Appeal and that the Court of Appeal's "refusal" to modify its decision to confer such jurisdiction prevented any award for attorney's fees on appeal.

After hearing on the motion, the trial court struck certain items of costs and fees and allowed others in the original cost bill. However, the trial court disallowed all costs and attorney's fees on appeal on the ground that the court had no jurisdiction to award costs and attorney's fees on appeal.

Gilmaker now appeals from the disallowance of costs and attorney's fees on appeal and M.C.D. cross-appeals from the order allowing certain deposition costs and the allowance of attorney's fees in the trial court.

## ISSUES

1.   The sole issue on the appeal is whether the trial court has jurisdiction to award attorney's fees and costs to the prevailing party on appeal where the underlying real estate sales contract involved in the trial and appeal provided for the payment of attorney's fees and costs to the prevailing party.[2]

2.   On the cross-appeal, the issues are (a) was the memorandum of costs filed in a timely manner? (b) did the trial court err in allowing costs for "multiple depositions"? (c) were the Gilmakers required to serve and file a notice of motion pursuant to Civil Code section 1717 in order to be allowed attorney's fees? and (d) did the trial court err when it allowed attorney's fees at trial in excess of the amount specified in the local court rules?

---

[2] M.C.D. paid the Gilmakers' costs on appeal "so that there would be no issue on this appeal with respect to these items."

DISCUSSION

1. The trial court has jurisdiction to award costs and attorney's fees on appeal in this action.

■■■ A party's right to attorney's fees arise by contract or by statute. Where a statute gives the right to attorney's fees, they are recoverable as costs under the cost bill procedure. (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59 [112 Cal.Rptr. 910].) Where fees are provided for by contract, they are recoverable as special damages which must be pleaded and proved. (*City Investment Co.* v. *Pringle* (1920) 49 Cal.App. 353, 356 [193 P. 504].)

Civil Code section 1717 provides, in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Civil Code section 1717 "makes it possible for a party who both prevails in an action on the contract and has a right to fees under the contract to recover them either as costs under the statute or as damages under the contract." (7 Witkin (3d ed. 1985) Cal. Procedure, Judgment, § 153, p. 578.) In *T.E.D. Bearing Co.* v. *Walter E. Heller & Co., supra,* 38 Cal.App.3d 59, 63, the court recognized that while the primary purpose of Civil Code section 1717 was to transfer a unilateral contractual right to attorney fees into a reciprocal provision giving the right to recover to either party, its language was broader than that, awarding attorney's fees to the "prevailing party" whether he is the one specified in the contract or not. The unilateral provision in that case benefitted the defendants who prevailed at trial and on appeal. The court held that they had rights to attorney's fees by virtue of the statute, section 1717, as well as by virtue of the contract. (*Id.,* at p. 63.)

In *Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227 [136 Cal.Rptr. 549], the court took the analysis one step further. The court held that Civil Code section 1717 applied, not only to unilateral contracts like the one in *T.E.D. Bearing Co.,* but to reciprocal contracts, such as the one at issue in this appeal, as well. Each party to a contract with

a reciprocal provision for attorney's fees has the option as to the procedure to follow.[3]

Except in certain circumstances not applicable to this case, "the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal." (Cal. Rules of Court, rule 26(a).) In 1986, when this court filed its affirmance of the judgment entered by the trial court in favor of the Gilmakers, rule 26(c) required the clerk of the reviewing court, in the absence of direction by the court, to enter on the record and insert in the remittitur a judgment for costs for the respondent in the case of a general and unqualified affirmance.

■ Recoverable costs on appeal are generally limited to the list of items set forth in rule 26(c) of the California Rules of Court, which does not include attorney's fees. However, as in the trial court, attorney's fees on appeal are recoverable when authorized by statute or contract. ■ Jurisdiction to make the award of attorney's fees authorized solely by contract is in the appellate court unless it otherwise directs. (*American City Bank* v. *Zetlen* (1969) 272 Cal.App.2d 65 [76 Cal.Rptr. 898].) However, where the right is statutory, the trial court is authorized to award attorney's fees as part of costs on appeal notwithstanding a lack of direction in the remittitur. (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co., supra,* 38 Cal.App.3d 59, 65.)

M.C.D.'s contention that the Gilmakers' claim to attorney's fees is based solely on contract is totally meritless, resting upon misinterpretation of case authority and misleading quotation and citation. M.C.D. mistakenly asserts that the Court of Appeal "refused to confer jurisdiction on the trial court to award attorney's fees on appeal." Our denial of the Gilmakers' motion to

---

[3] M.C.D.'s citation to and quotation from *Mabee* v. *Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420 [152 Cal.Rptr. 31], in support of its contention that Civil Code 1717 does not change a reciprocal contract provision for attorney's fees into a statutory right to recover fees, are somewhat misleading. The procedural context of the case was unusual. The plaintiff, who prevailed at trial, submitted a memorandum of costs which contained no claim for attorney's fees and subsequently gave notice of a motion for an order awarding attorney's fees under the contract clause. The judge awarded the requested attorney's fees as part of its "Judgment After Jury Trial." In the course of holding that the trial court could properly make a postjudgment award of attorney's fees, after a final judgment, and that the plaintiff's motion was timely, the court made the following comments, quoted in part by M.C.D.: " 'Where the right to attorney's fees, as in this case, is based upon contract and not upon statute, recovery, if at all, must be had upon that contract, and such fees cannot be taxed as costs. (Code Civ. Proc., sec. 1021.)' [Citations.] [¶] [Plaintiff] never sought to recover his attorney fees as costs. His claim rests upon *contract* not statute and his contract does not require the attorney fees be taxed as costs. [Citation.] [¶] Nor does Civil Code section 1717 convert every contractual entitlement of a prevailing party to attorney fees into a statutory right recoverable only as part of costs." (*Id.,* at p. 427.)

amend the judgment on the appeal cannot be interpreted in this manner, especially in light of the law as discussed above.

M.C.D. also contends that the Gilmakers waived the right to claim attorney's fees on appeal when they failed to file a noticed motion within the time limited for filing a memorandum of costs on appeal. At the time the remittitur was issued, Code of Civil Procedure section 1034 (repealed in 1986) required the party claiming costs on appeal to serve and file a verified memorandum of costs within 30 days after the remittitur is filed with the clerk below. Section 1717 at the time provided, "Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit."[4] The Gilmakers' supplemental memorandum for costs and attorney's fees on appeal was filed within the 30-day period specified by Code of Civil Procedure 1034. In light of the fact that M.C.D. submitted a supplemental memorandum in support of its motions to strike costs or to tax costs, addressing these costs on appeal, and the fact that there was a full hearing on the M.C.D.'s objections to an award of attorney's fees upon M.C.D.'s motion to tax costs, we find there was substantial compliance with the "notice and motion requirements of a party" of section 1717 and lack of prejudice to M.C.D. (*Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778, 786 [191 Cal.Rptr. 8, 661 P.2d 1088]; *California Recreation Industries* v. *Kierstead* (1988) 199 Cal.App.3d 203 [244 Cal.Rptr. 632].)

The trial court had jurisdiction to award costs and attorney's fees on appeal without direction by the Court of Appeal. The trial court erred in disallowing the costs and fees. Therefore we reverse that portion of the order and remand to the trial court to conduct further proceedings to determine the amount of reasonable attorney's fees on appeal, and to award such fees to the Gilmakers. In addition, because we reverse this portion of the order, we direct the trial court to award costs and attorney's fees on this second appeal to the prevailing party, the Gilmakers.

2. (a)   The memorandum of costs was filed in a timely manner.

▮▮▮   At the time judgment was entered in this action, Code of Civil Procedure section 1033 provided that the party "who claims his or her costs, must serve upon the adverse party, and file at any time after the verdict or decision of the court, and not later than 10 days after notice of

---

[4]The reference to "notice and motion by a party" was deleted in 1987. (Stats. 1987, ch. 1080, § 1.) Rule 870.2 of the California Rules of Court, effective January 1, 1987, provides "Any notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 shall be served and filed before or at the same time the memorandum of costs is served and filed."

the entry of the judgment . . ." a verified memorandum of the items of his or her costs and necessary disbursements in the action. The amended judgment was signed and filed on September 28, 1984. The notice of entry of judgment was not filed until October 15, 1984. The Gilmakers' memorandum of costs was filed on October 9, 1984, and served on M.C.D. on October 10, 1984.

M.C.D. contends that the Gilmakers failed to serve and file the memorandum within 10 days after they had knowledge of the entry of judgment. M.C.D. cites to various items which purportedly informed the Gilmakers of "entry" of the August "judgment."[5] "Entry of judgment" is a ministerial act of entering the judgment in the judgment-book by the court clerk, thereby providing record evidence of its existence. (Code Civ. Proc., § 664; *Brown* v. *Superior Court* (1925) 70 Cal.App. 732, 735 [234 P. 409].) The record contains no evidence that a judgment was entered prior to entry of the amended judgment noticed on October 15, 1984.

Furthermore, it would seem that M.C.D. waived any rights it may have had to rely on "entry" of an earlier version of the judgment in view of its position in the trial court requesting its withdrawal and a hearing on its objections to the proposed statement of decision.

There is no question that the cost memorandum was timely.

(b)   The allowance for costs of "multiple depositions" was proper.

■   Although it may be usual practice to list the specific depositions as items of costs on the memorandum of costs, a simple reference to costs for "multiple depositions" may appear in the context of the particular case before the trial judge to be proper charges, and thereby constitute prima facie evidence of their propriety. (*Murphy* v. *F.D. Cornell Co.* (1930) 110 Cal.App. 452, 455 [294 P. 490].) Former Code of Civil Procedure section 1032.7 (repealed by Stats. 1986, ch. 377, §§ 8, 9; see now § 1033.5) allowed recovery of "reasonable cost of taking, videotaping, and transcribing depositions, together with the reasonable cost of one copy of each deposition, unless it shall appear to the court that the taking of the deposition was unnecessary, or, if the deposition was videotaped, that the videotaping was unnecesary in which case that cost shall not be allowed, and, in addition, the reasonable cost of one copy of all depositions taken by the party or

---

[5] The minute order and M.C.D.'s letter requesting the trial court to withdraw the judgment "as having been improvidently *signed and filed*" [italics added] cited as evidence of the Gilmakers' knowledge of entry of judgment, do not refer to the "entry" of judgment at all. The other item cited, M.C.D.'s notice of intention to move for a new trial, mistakenly states that the judgment was entered August 8, 1984.

parties against whom such costs are allowed." M.C.D. contends that because the Gilmakers did not identify in any manner the depositions taken, it could not determine whether this was a proper charge. The burden of proof was upon M.C.D. to present some evidence that the Gilmakers had taken unnecessary depositions. On its face, the cost item was proper and uncontroverted; therefore, the cost was properly allowed. (*Fay* v. *Fay* (1913) 165 Cal. 469, 475 [132 P. 1040].)

■ (c) The attorney's fees at trial were properly included in the memorandum of costs submitted to the trial court after trial.

M.C.D. contends that attorney's fees authorized by Civil Code section 1717 must be claimed by notice and motion served and filed within the time limitation for service and filing the memorandum of costs. As discussed above, the memorandum of costs was served and filed in a timely manner. (Part 2 (a), *ante.*) Also, under the circumstances of the particular case, as explained above in part 1, *ante,* at page 678, "the spirit, if not the letter, of the amended statute [Civil Code section 1717] was complied with." (*Christensen* v. *Dewor Developments, supra,* 33 Cal.3d 778, 786.) It was within the trial court's discretion to consider the allowance for attorney's fees included in the memorandum of costs. (*Ibid.*)

■ (d) It was within the trial court's discretion to allow attorney's fees in the amount submitted by the Gilmakers.

M.C.D. contends that the trial court erred when it awarded attorney's fees in the sum of $31,948, because the amount M.C.D. agreed to pay for the property which was the subject of the specific performance action was $180,000. M.C.D argues that, pursuant to the local court rules,[6] the correct amount of attorney's fees is $6,870. The rule specifically provides for "a fee in addition to the . . . schedule" for "extraordinary services." The Gilmakers complied with the rule by providing "an itemized statement of

---

[6]Rule 402 of the Los Angeles Superior Court Rules provides: "Section 1. Note or Contract Provision. When a . . . contract provides for the recovery of . . . a reasonable attorney fee, the following schedule shall (unless otherwise determined by the court) be applied to the amount of the new judgment exclusive of costs:

". . . . . . . . . . . . . . . . . . .

"Contested case (unless otherwise determined by the court):
"$0.01 to $1,000, 15 percent with a minimum of $100;
"$1,000.01 to $10,000, $150 plus 8 percent of the excess over $1,000;
"$10,000.01 to $50,000, $870 plus 6 percent of the excess over $10,000;
"$50,000.01 to $100,000, $3,270 plus 4 percent of the excess over $50,000;
"Over $100,000, $5,270 plus 2 percent of the excess over $100,000;

". . . . . . . . . . . . . . . . . . .

"Section 4. Itemization as to Extraordinary Services. Any application for a fee in addition to a foregoing schedule because of extraordinary services shall be accompanied by an itemized statement of the services rendered or to be rendered."

the services rendered . . ." There is substantial evidence in support of the trial court's allowance for attorney's fees in the amount requested.

## CONCLUSION

We find the appeal meritorious and that the Gilmakers are entitled to attorney's fees and costs on the previous appeal. We also find the contentions of the cross-appeal meritless and deny M.C.D. the requested relief.

## DISPOSITION

The order is affirmed in part and reversed in part. The case is remanded to the trial court for further proceedings consistent with this opinion. Defendants and appellants, the Gilmakers, are entitled to and hereby are awarded costs and attorney's fees on this appeal.

Klein, P. J., and Croskey, J., concurred.