[No. B042365. Second Dist., Div. Five. May 8, 1990.]

RALPH R. BENSON, Plaintiff and Appellant, v.
SIMON GREITZER, Defendant and Respondent.

**COUNSEL**

Ralph R. Benson, in pro. per., and David J. Horwath for Plaintiff and Appellant.

Levin, Ballin, Plotkin, Zimring & Goffin, Jay J. Plotkin and Nancy O. Marutani for Defendant and Respondent.

**OPINION**

**ASHBY, Acting P. J.**—This is the second appeal in this action. Plaintiff appeals from the trial court's order, made after the first appeal, which awards defendant his attorney's fees for the first appeal.

Plaintiff and appellant Ralph R. Benson originally sued defendant and respondent Simon Greitzer and others in state court under the Federal Civil Rights Act, 42 United States Code section 1983. On the prior appeal following the sustaining of a demurrer, the appellate court affirmed the trial court's order of dismissal, holding that no cause of action was stated against defendant. (*Benson* v. *Rubin* (Sept. 22, 1988) B022113 [nonpub. opn.].) On that appeal, defendant requested the appellate court to award sanctions for a frivolous appeal, citing *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]. The appellate court specifically addressed this request in the prior opinion, stating, "Although we reject appellant's contentions involving Greitzer, we do not find the appeal to be frivolous within the standards of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650."

After the filing of the remittitur, defendant's memorandum of costs on appeal requested the trial court to award attorney's fees for the prior appeal on a basis ostensibly different from *Flaherty,* the Civil Rights Attorney's Fees Awards Act of 1976, 42 United States Code section 1988. Under this federal statute, the trial court allowed defendant his attorney's fees for the prior appeal. Plaintiff now appeals from this order, contending that the federal statute allows an award only if the prior proceeding was frivolous or vexatious, and that the trial court's order is inconsistent with the express statement in the prior appellate opinion that the appeal was not frivolous within the standards of *Flaherty.*

We agree. The United States Supreme Court has held that a defendant who prevails in an action under 42 United States Code section 1983 may be awarded attorney's fees under 42 United States Code section 1988 only when the plaintiff's action was frivolous or vexatious. We hold the federal interpretation of those terms is so similar to the *Flaherty* standard of frivolous that the trial court was bound by the specific statement in the prior opinion.

## DISCUSSION

Where an award of attorney's fees is authorized by statute, a trial court has jurisdiction following an appeal to award attorney's fees for the appeal. (*T.E.D. Bearing Co.* v. *Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 64-65 [112 Cal.Rptr. 910]; *MST Farms* v. *C. G. 1464* (1988) 204 Cal.App.3d 304, 307-308 [251 Cal.Rptr. 72]; *M. C. & D. Capital Corp.* v. *Gilmaker* (1988) 204 Cal.App.3d 671, 677 [251 Cal.Rptr. 178].) The trial court here had jurisdiction to entertain defendant's motion on the basis of the federal statute.

■ If the prior appellate opinion expressly ruled, however, upon a party's entitlement to attorney's fees, the trial court is bound to follow the appellate court's expressions on the subject, under principles of law of the case. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *Bach* v. *County of Butte* (1989) 215 Cal.App.3d 294, 308-309 [263 Cal.Rptr. 565].) ■ Where, as here, the standard of frivolous is the same under both *Flaherty* and the federal statute, the trial court was bound by the prior appellate determination that the appeal was not frivolous.

*In re Marriage of Flaherty, supra*, 31 Cal.3d at pages 649-650 discussed two standards for frivolous appeals. The subjective standard looks to an improper motive of the appellant. The objective standard looks to the merits of the appeal from a reasonable person's perspective. The court held, "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.* at p. 650.) The court cautioned that "any definition must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. . . . An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.*, italics in original.)

The United States Supreme Court's interpretation of awards to a prevailing defendant under 42 United States Code section 1988 is very similar.[1] In *Hughes* v. *Rowe* (1980) 449 U.S. 5, 14-15 [66 L.Ed.2d 163, 172-173, 101 S.Ct. 173], the United States Supreme Court applied the rule of *Christiansburg Garment Co.* v. *EEOC* (1978) 434 U.S. 412, 421-422 [54 L.Ed.2d 648, 656-657, 98 S.Ct. 694], and held that a defendant who prevails in a federal civil rights action may be awarded attorney's fees under 42 United States Code section 1988 only where the plaintiff's action was " 'frivolous, unreasonable, or without foundation.' " (*Hughes* v. *Rowe, supra*, 449 U.S. at p. 14 [66 L.Ed.2d at p. 172].) In *Christiansburg* the court stated, "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and . . . the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." (434 U.S. at p. 421 [54 L.Ed.2d at pp. 656-657].) The court further stated that "assessing attorney's fees against plaintiffs simply because they do not finally prevail

---

[1] 42 United States Code section 1988 provides in pertinent part, "In any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith,* there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." (*Id.*, 434 U.S. at p. 422 [54 L.Ed.2d at p. 657], italics in original; see also *Hensley* v. *Eckerhart* (1983) 461 U.S. 424, 429, fn. 2 [76 L.Ed.2d 40, 48, 103 S.Ct. 1933]; Annot. (1979) 43 A.L.R.Fed. 243.)

This standard is substantially the same as in *Flaherty.* Although the United States Supreme Court employed a variety of terms, such as unfounded, meritless, frivolous, groundless, unreasonable, or without foundation, the court made clear in its discussion that these abstract words must be interpreted in light of the same consideration discussed in *Flaherty,* the avoidance of undue chilling effect on the assertion of litigants' rights.

Accordingly, since the prior appellate opinion in this case expressly stated, "we do not find the appeal to be frivolous within the standards of *In re Marriage of Flaherty,*" the trial court was bound by that determination and erred in impliedly finding that the appeal was frivolous within the similar standards of the federal statute.[2]

The trial court's order of February 28, 1989, which allowed defendant's "Memorandum of Costs on Appeal" in its entirety, is modified to strike therefrom the item of attorney's fees for the prior appeal in the amount of $2,970. As so modified the order allowing costs on the prior appeal is affirmed. Costs on this appeal are awarded to plaintiff.

Boren, J., and Turner, J., concurred.

---

[2]Since plaintiff's contention on this narrow issue is upheld, defendant's motion for *Flaherty* sanctions for *this* appeal is denied.