**OKLAHOMA FIXTURE COMPANY, an Oklahoma corporation, Plaintiff–Appellant/Cross–Appellee,**

v.

**ASK COMPUTER SYSTEMS, INC., a California corporation, Defendant–Appellee/Cross–Appellant.**

Nos. 93–5199, 93–5200.

United States Court of Appeals, Tenth Circuit.

Jan. 13, 1995.

David W. Wulfers (Charles D. Harrison, also of Houston and Klein, Tulsa, OK, with him on the briefs), for plaintiff-appellant/cross-appellee Oklahoma Fixture Co.

Richard B. Noulles of Gable and Gotwals, Tulsa, OK, for defendant-appellee/cross-appellant ASK Computer Systems, Inc.

Before TACHA, FAIRCHILD * and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

The only issue in this appeal is a victorious defendant's entitlement to attorney's fees in a breach of contract, breach of warranty action, tried in Oklahoma but specifying that California law applies "in all respects." Appellant's App. 103 ¶ 14c.

Plaintiff Oklahoma Fixture Company (Oklahoma Fixture) filed this diversity suit in Oklahoma against ASK Computer Systems, Inc. (ASK), seeking damages for breach of a contract for sale of computer software and breach of warranty. Both sides stipulated that under the choice of law provision in the contract California law would control the contract and breach of warranty claims. Interestingly, both parties' pleadings sought attorney's fees. After the jury returned a defendant's verdict for ASK, Oklahoma Fixture objected to allowing ASK attorney's fees. Following our holding in *Bill's Coal Co., Inc. v. Board of Public Utilities*, 887 F.2d 242 (10th Cir.1989), that entitlement to attorney's fees in a diversity action is governed by the same state law that governs the substantive issues, the district court applied California law and determined that, reading the parties' contract in light of California Civil Code § 1717, ASK was entitled to recover $319,-123.75 in attorney's fees.

The parties' contract provided that "[s]hould it be necessary for ASK to initiate legal proceedings to collect monies due from Buyer, ASK is entitled to recover all reasonable collection costs." Appellant's App. 103 ¶ 4f. There is no doubt that Oklahoma law would permit the attorney's fees. *See* Okla. Stat. tit. 12, §§ 936, 939. Oklahoma Fixture urges that we apply California law, and asserts that neither the contract nor California Civil Code § 1717 permits the attorney's fees award. Defendant ASK argues to the contrary, and, alternatively, asks us to revisit our holding in *Bill's Coal.* We need not reconsider that ruling, however,[1] because we

---

* The Honorable Thomas E. Fairchild, Senior United States Circuit Judge, United States Court of

Appeals for the Seventh Circuit, sitting by designation.

1. ASK contends that *Bill's Coal Co., Inc. v. Board*

conclude that the contract and § 1717 of the California Civil Code support the attorney's fee award made to ASK by the district court. Thus, the award was authorized, no matter which state law applies.

Section 1717 provides in pertinent part:

(a) In any action on a contract, where the contract *specifically provides that attorney's fees and costs,* which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Where a contract provides for attorney's fees, as set forth above, *that provision shall be construed as applying to the entire contract,* unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.

Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

(Emphasis added). As noted, the parties' contract provided that "[s]hould it be necessary for ASK to initiate legal proceedings to collect monies due from Buyer, ASK is entitled to recover all reasonable collection costs." Appellant's App. 103 ¶ 4f. The district court found that "reasonable collection costs" included attorney's fees. Then, although the provision on its face applies only to ASK's efforts to collect monies owed on the contract, the district court determined that under § 1717 the collection costs provision applied to the entire contract and entitled ASK to attorney's fees for defending the contract action. We review de novo the district court's interpretation and application of § 1717. *See Hoyt v. Robson Cos., Inc.,* 11 F.3d 983, 984 (10th Cir.1993).

Oklahoma Fixture asserts that the contract with ASK did not "specifically provide" for an award of "attorney's fees," as required by § 1717, and therefore ASK was not entitled to attorney's fees. Oklahoma Fixture points out that the district court relied on

---

*of Public Utilities,* 887 F.2d 242 (10th Cir.1989), was incorrectly decided, and that the district court should have looked to Oklahoma conflicts law in determining which state's law applied to the attorney's fees issue. In *Bill's Coal,* we stated that:

> Sellers contend that the Oklahoma district court, sitting in diversity, erroneously applied Missouri law on the issue of attorney's fees. They argue that the trial court should have applied Oklahoma's attorney fee statute because attorney's fees are purely procedural and the law of the forum (Oklahoma) governs. However, the law in this circuit governing attorney's fees is clear. In *Matter of King Resources Co.,* 651 F.2d 1349, 1353 (10th Cir.) [*cert. denied,* 454 U.S. 881 [102 S.Ct. 370, 70 L.Ed.2d 195] (1981)], we held that "[t]hus in diversity cases generally, and certainly in this circuit, attorney fees are determined by state law and are substantive for diversity purposes." The substantive law of this case is Missouri law. Therefore, the trial court properly applied Missouri law in determining whether attorney's fees were proper. We affirm the trial court's denial of attorney fees under Missouri law.

887 F.2d at 246 (footnotes omitted).

*Bill's Coal* did not cite *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), in which a Delaware federal court sitting in diversity adjudicated a dispute over a New York contract. The jury awarded plaintiff monetary damages but the issue remained whether New York or Delaware law governed prejudgment interest. The *Klaxon* Court held that in diversity cases such a decision should be made by referring to the conflicts rules of the state in which the federal district court was sitting, in that case, Delaware. Basically, *Klaxon* recognized that, even after federal courts have answered the *Erie* question of *whether* state law should govern a particular substantive issue, a question arises regarding *which* state's law to apply. *Bill's Coal* merely found that, because under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the availability of attorney's fees is a substantive question, the state law that had controlled the other substantive portions of the case would control. ASK's argument is that *Bill's Coal* should have determined whether under Oklahoma conflicts law, the attorney's fees issue was procedural or substantive.

This panel is bound by the earlier panel decision, of course, and if the panel were inclined to change the analysis in *Bill's Coal,* its predecessor and successor cases, we would have to ask for in banc review. Because we here determine that ASK is entitled to attorney's fees under either California or Oklahoma law, we do not consider that argument.

cases in which the contracts specifically referenced "attorney's fees." *See, e.g., United States ex rel. Reed v. Callahan,* 884 F.2d 1180, 1186 (9th Cir.1989), *cert. denied,* 493 U.S. 1094, 110 S.Ct. 1167, 107 L.Ed.2d 1069 (1990); *see also Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 158 Cal.Rptr. 1, 2, 599 P.2d 83, 84 (1979) (note specifically provided for recovery of collection costs, "including attorney fees"). Oklahoma Fixture, however, cites no cases involving a contract with a provision for "reasonable collection costs," but supports its argument by citing cases in which there was no contractual provision either for collection costs or attorney's fees. *See Myers Bldg. Indus. v. Interface Technology, Inc.,* 13 Cal.App.4th 949, 17 Cal.Rptr.2d 242, 258 (2d Dist.1993) (trial court's award of attorney's fees under § 1717 reversed because no contractual provision for award of attorney's fees), *modified on denial of reh'g; Pilcher v. Wheeler,* 2 Cal.App.4th 352, 3 Cal. Rptr.2d 533 (2d Dist.1992) (§ 1717 not applicable in action for breach of limited partnership where partnership agreement did not contain attorney's fees provision).

Because no California case directly addresses whether a contract calling for reimbursement of "reasonable collection costs" if legal proceedings are necessary meets § 1717's requirement that the contract "specifically provide[ ] [for] attorney's fees and costs," we must determine for ourselves how California courts would answer this question.

Following California principles of interpretation, in construing a statute we first look to the language of the statute. "If a statute's language is clear, then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." *Kizer v. Hanna,* 48 Cal.3d 1, 255 Cal.Rptr. 412, 415, 767 P.2d 679, 682 (1989). Likewise, if contract language is "clear and explicit, it governs." *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.,* 9 Cal.4th 27, 36 Cal.Rptr.2d 100, 105, 884 P.2d 1048, 1053 (1994). If statutory or contract language is ambiguous, then a court may resolve the ambiguity using standard rules of construction.

We believe that the contract provision at issue here constituted a unilateral attorney's fees provision within the meaning of § 1717. The contract language "all reasonable collection costs" is a broad term, and a common sense reading includes attorney's fees. *See McClain v. Continental Supply Co.,* 66 Okla. 225, 168 P. 815, 817 (1917) (agreement in promissory note to pay costs of collection provides for reasonable attorney's fee in suit on note). This is especially so when, as here, the situation that gives rise to the right to recover "reasonable collection costs" is where it is "necessary for ASK to initiate *legal proceedings.*" Appellant's App. 103 ¶ 4f (emphasis added). Taken together with the reasonable collection costs language, the "legal proceedings" language can only mean that attorney's fees are to be included under this provision. And under § 1717, any provision for attorney's fees "shall be construed as applying to the entire contract," Cal.Civ. Code § 1717, which means, as the district court held, fees incurred in defending a contract as well as collecting upon it.

This construction and application of the statute is supported by several California court decisions construing § 1717 in a reasonably broad manner. *See, e.g., Real Property Servs. Corp. v. City of Pasadena,* 25 Cal.App.4th 375, 30 Cal.Rptr.2d 536 (2d Dist. 1994) (third party plaintiff beneficiary of contract entitled to attorney's fees); *Milman v. Shukhat,* 22 Cal.App.4th 538, 27 Cal.Rptr.2d 526 (1st Dist.1994) (although relief sought by respondents was declaratory, court awarded attorney's fees, citing fundamental purpose of § 1717); *California Teachers Ass'n v. Governing Board of Simi Valley Unified School Dist.,* 161 Cal.App.3d 393, 207 Cal. Rptr. 659 (2d Dist.1984) (citing § 1717 in holding that an indemnity clause to hold the district harmless entitled it to attorney's fees), *rejected by Brock v. Kaiser Found. Hosps.,* 10 Cal.App.4th 1790, 13 Cal.Rptr.2d 678 (3d Dist.1992);[2] *T.E.D. Bearing Co. v.*

---

2. ASK relies on *California Teachers Ass'n* for its assertion that "a contract need not contain [the precise words 'attorney's fees'] to authorize the recovery of attorneys' fees under section 1717."

Combined Answer Brief and Opening Brief of Appellee/Cross–Appellant ASK Computer Systems, Inc. at 13. Oklahoma Fixture argues that *California Teachers* was overturned by *Myers*

*Walter E. Heller & Co.*, 38 Cal.App.3d 59, 112 Cal.Rptr. 910 (2d Dist.1974) (awarding fees to prevailing party although that party also benefitted by the unilateral attorney's fees provision).

We also are persuaded by the intent apparent in § 1717's statement that a provision for attorney's fees for any part of the contract applies to the entire contract. *See Milman v. Shukhat*, 22 Cal.App.4th 538, 27 Cal. Rptr.2d 526 (1st Dist.1994) (citing *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 158 Cal.Rptr. 1, 599 P.2d 83 (1979)). Although it might appear equitable to hold ASK, as the author of the contract, to a higher standard than the other party, § 1717 does not allow that result. *See T.E.D. Bearing Co.*, 38 Cal. App.3d 59, 112 Cal.Rptr. at 913.

For the reasons stated, we hold that the district court correctly found ASK to be entitled to attorney's fees under § 1717. Because we affirm the district court's determination, ASK is also entitled to attorney's fees on appeal. *See Leaf v. Phil Rauch, Inc.*, 47 Cal.App.3d 371, 120 Cal.Rptr. 749, 753–54 (2d Dist.1975).[3] The district court is in a better position than this court to evaluate the reasonableness of the attorney's fee request. We AFFIRM the award of attorney's fees and REMAND for a determination of a reasonable attorney's fee for defending this appeal.

---

*Building Indus. v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 17 Cal.Rptr.2d 242 (2d Dist. 1993), which held that a third-party contractual indemnity provision was not made reciprocal and applicable to the entire contract by § 1717. ASK counters that *Myers* only addressed third party indemnity provisions, and did not overrule *California Teachers*. We note that in *California Teachers* the indemnitee was awarded attorney's fees, whereas in *Myers* it was the indemnitor that sought attorney's fees. The *Myers* court stated that "[t]he provisions of Civil Code section 1717 were never intended to inflict upon the indemnitee the obligation to indemnify his indemnitor in similar circumstances." *Myers*, 13 Cal.App.4th 949, 17 Cal.Rptr.2d at 256. In any event, neither *California Teachers Ass'n* nor *Myers* is controlling here.

3. Oklahoma Fixture opposes ASK's motion for attorney's fees on appeal, arguing that they should have been requested in the initial briefs. Contrary to the policy of the Ninth Circuit, in this circuit a request for attorney's fees on appeal is not required in the initial briefs. *See Hoyt v. Robson Companies, Inc.*, 11 F.3d 983, 985 (10th Cir.1993); *cf. United States v. City and County of San Francisco*, 990 F.2d 1160, 1161 (9th Cir. 1993) (Ninth Circuit rules provide that court will not consider request for appellate attorney's fees unless opening brief indicates such fees will be sought). There is also pending ASK's motion to be excused from the filing fee for its second cross-appeal filed after the district court disposed of Oklahoma Fixture's Fed.R.Civ.P. 59(e) motion. The motion is not contested, and we grant it.