In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-1848

LHO CHICAGO RIVER, L.L.C.,

*Plaintiff-Appellee,*

*v.*

JOSEPH PERILLO, *et al.,*

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cv-6863 — **Charles P. Kocoras**, *Judge.*

ARGUED SEPTEMBER 26, 2019 — DECIDED NOVEMBER 8, 2019

Before BAUER, MANION, and ST. EVE, *Circuit Judges.*

MANION, *Circuit Judge.* Defendants appeal the denial of
their request for Lanham Act attorney fees following the
plaintiff's voluntary dismissal of its trademark infringement
suit. The lone question here is whether the Supreme Court's
decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
572 U.S. 545 (2014)—a *patent* case—should guide district
courts faced with Lanham Act attorney fees applications.
Most of our sister circuits have answered that question in the

affirmative, but we have never addressed the issue. The opportunity now presents itself, and for all the reasons herein, we join our sister circuits in holding that *Octane* controls and remand for further consideration.[1]

## I. Background

LHO Chicago River, L.L.C., owns an upscale, downtown Chicago hotel that underwent a branding change in February 2014 when the establishment became "Hotel Chicago," a signature Marriott venue. Around May 2016, Joseph Perillo and his three associated entities—Rosemoor Suites, LLC, Portfolio Hotels & Resorts, LLC, and Chicago Hotel, LLC[2]—opened their own "Hotel Chicago" only three miles from LHO's site. LHO then sued Defendants for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and for trademark infringement and deceptive trade practices under Illinois state law. The litigation dragged on for more

---

[1] A separate panel of this court very recently applied *Octane* when reviewing a denial of Lanham Act attorney fees. *See 4SEMO.com Inc. v. S. Ill. Storm Shelters, Inc.*, 939 F.3d 905, 913–14 (7th Cir. 2019). Our colleagues in that case, however, did not compare *Octane* against our existing standard; the parties therein did not raise the same conflict we now face, and the district judge cited *no* standard at all when denying attorney fees. Thus, we cannot say the *4SEMO.com* panel applied *Octane in favor of* this Circuit's existing caselaw.

[2] We refer collectively to Mr. Perillo and these entities as "Defendants" but pause to question whether Mr. Perillo is a proper party to this appeal. The parties stipulated to Mr. Perillo's dismissal from the underlying action shortly after LHO filed its amended complaint, and the district judge dismissed Mr. Perillo, without prejudice, on August 25, 2016. (Doc. 59.) Indeed, the order appealed here, by its own language, applies only to the LLC defendants. (Doc. 175.) In any event, Mr. Perillo's inclusion or exclusion at this stage has no bearing on today's conclusion.

than a year until LHO moved to voluntarily dismiss its claims, with prejudice. The district judge granted LHO's motion and entered judgment on February 21, 2018.

Defendants made a post-judgment request for attorney fees pursuant to 15 U.S.C. § 1117(a), which permits the district court to award reasonable fees to the prevailing party in "exceptional cases." In their attorney fees briefing, the parties identified two distinct standards for determining such exceptionality: (1) this Circuit's prevailing standard, that a case is exceptional under § 1117(a) if the decision to bring the claim constitutes an "abuse of process"; and (2) the more relaxed totality-of-the-circumstances approach under the Patent Act that the Supreme Court announced in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). When Defendants moved for attorney fees, we had not yet provided guidance on *Octane*'s applicability in this context, though several of our sister circuits had extended *Octane* to the Lanham Act. It comes as no surprise then, that when the district judge ruled on Defendants' request, he acknowledged *Octane* but nevertheless adhered to our "abuse-of-process" standard. The judge found LHO had not brought an exceptional case warranting attorney fees.[3] Defendants appeal.

---

[3] Today's remand allows the district judge to apply *Octane* in place of the "abuse of process" standard. The parties asked alternatively that we review the district judge's conclusions in his attorney fees order. We decline to do so. *See Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) ("With its unparalleled knowledge of the litigation and the parties, the District Court is better suited to make [the Lanham Act attorney fees] assessment in the first instance."). To guard against future confusion, however, we note the proper standard for such review is one of abuse of discretion. While not dispositive, the parties dispute this issue in their briefs, but the caselaw is clear: "A decision to award attorneys' fees under

## II. Discussion

The Lanham Act contains the following fee-shifting language: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Our current standard for identifying "exceptional" trademark cases comes from *Burford v. Accounting Practice Sales, Inc.*, 786 F.3d 582, 588 (7th Cir. 2015), and *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 963–66 (7th Cir. 2010).[4] *Burford* and *Nightingale* hold a case "exceptional" under § 1117(a) if it amounts to an "abuse of process." *Burford*, 786 F.3d at 588 (citing *Nightingale*, 626 F.3d at 963–64). An abuse of process occurs when a claim is: (1) "objectively unreasonable because it is one a rational litigant would pursue only because it would impose disproportionate costs on his opponent" (in other words, extortionate in nature); or (2) when a party brings a frivolous claim with the purpose of obtaining an advantage external to the litigation, "'unrelated to obtaining a favorable judgment.'" *Id.* (quoting *Nightingale*, 626 F.3d at 966).

The Patent Act contains an identical provision: "The court in exceptional cases may award reasonable attorney fees to

---

the Lanham Act is firmly committed to the district court's discretion … ." *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994); *see also TE–TA–MA Truth Found.–Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 257 (7th Cir. 2004) ("We normally review for abuse of discretion a district court's denial of fees under § 1117(a).").

[4] Because our decision overturns *Burford* and *Nightingale* in favor of *Octane*, this opinion has been circulated among all active judges of this court in regular active service. No judge favored a rehearing en banc on this question.

the prevailing party." 35 U.S.C. § 285. Addressing § 285 in 2014, the Supreme Court determined:

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane*, 572 U.S. at 554. Among the circumstances for consideration, the Court pointed to a nonexclusive set of factors it identified earlier when addressing the Copyright Act's similar fee-shifting provision. *See id.* at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Those factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (internal quotation marks and citation omitted).

The Court reached this holding by construing the term "exceptional" in accordance with the word's ordinary meaning. *Octane*, 572 U.S. at 553–54. In particular, while highlighting the identical language shared by the Patent and Lanham Acts, the Court relied on *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, a trademark case in which the D.C. Circuit interpreted the term "exceptional" in § 1117(a) to mean "uncommon" or "not run-of-the-mill." *Octane*, 572 U.S. at 554 (citing 771 F.2d 521, 526 (D.C. Cir. 1985).

*Octane* also abrogated the Federal Circuit's exceptionality standard contained in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Under *Brooks*, a district court could find a case exceptional either where the parties had engaged in material, sanctionable litigation misconduct, or where the litigation had been *both* brought in bad faith *and* objectively baseless. 393 F.3d at 1381. The Court deemed this approach "overly rigid" because it allowed certain litigants to escape attorney fees. *Octane*, 572 U.S. at 545–55. For example, while *Brooks* permitted attorney fees against a party engaging in sanctionable litigation tactics, such a heightened level of misconduct is not always present in a substantively weak case or a case in which a litigant acts simply "unreasonably." The same is true for *Brooks*'s second prong, which requires subjective bad faith *and* objective baselessness: a case that "stands out from others" with respect to the party's legal position or strategy need not carry both traits. As *Octane* observed, again looking to *Noxell*, "a case presenting *either* subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555 (emphasis added) (citing *Noxell*, 771 F.2d at 526 ("[W]e think it fair to assume that Congress did not intend rigidly to limit recovery of fees by a [Lanham Act] defendant to the rare case in which a court finds that the plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons… . Something less than 'bad faith,' we believe, suffices to mark a case as 'exceptional.'")) (internal quotation marks and citations omitted; alteration supplied by *Octane*)).

Our *Burford/Nightingale* standard suffers from similar inflexibility. As outlined above, an abuse of process occurs *only* when a litigant pursues an objectively unreasonable claim to extort or inflict disproportionate costs on his opponent, or

when a party brings a frivolous claim for external gain. Under either of these prongs, a fee applicant must show that his opponent acted essentially with ill motive, but this conflicts with *Octane*'s holding that "'there is no precise rule or formula for making [exceptionality] determinations … .'" 572 U.S. at 554 (quoting *Fogerty*, 510 U.S. at 534). For example, based on our current caselaw, a party's substantively weak position or strategy might make a case "stand out from others," but without extortionate or external motives fueling the litigation, the case cannot be deemed exceptional under § 1117(a). We think it fair that such a scenario should not render a case unexceptional and prevent recovery of fees so automatically.

Given *Octane*'s rejection of a similarly rigid standard for an identical fee-shifting provision, and considering the Court's reliance on trademark law therein, we agree with Defendants that *Octane*'s standard should apply in the present context of the Lanham Act. "[F]ee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989) (internal quotation marks and citation omitted). Furthermore, Congress expressly referenced the Patent Act's attorney fees provision when justifying § 1117(a)'s passage:

> In appropriate circumstances, a successful party should be entitled to full compensation for the injuries sustained and expenses incurred, since these were necessitated by the acts of the opposing party. The federal patent and copyright statutes expressly provide for reasonable attorney fees, as do a number of other federal acts.

S. Rep. No. 93-1400, at 5, as reprinted in 1974 U.S.C.C.A.N. 7132, 7135; *see also Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d

1330, 1335–36 (Fed. Cir. 2017), *and Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (both opinions recognizing the same).

LHO attempts to minimize the overlap of patent and trademark caselaw, noting that *Burford*, which postdates *Octane*, made no mention of the Supreme Court's decision, "likely because *Octane* interpreted a different statutory provision." (LHO's Br. at 17.) True, we did not discuss *Octane* in *Burford* despite *Octane*'s earlier release, but our silence in *Burford* should not be interpreted as a rejection of *Octane*'s extension to Lanham Act fee-shifting. As pointed out correctly by Defendants, the *Burford* parties never directed us to *Octane* in any of their filings. *See United States v. Crawley*, 837 F.2d 291, 292–93 (7th Cir. 1988) (discussing the reduced weight an opinion carries when based on issues "not refined by the fires of adversary presentation").

Most circuits—many of them since *Burford*—have extended *Octane* to the Lanham Act's fee-shifting provision, relying on legislative history, the Patent Act's identical language, and the Supreme Court's use of trademark law in *Octane*. *See Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019); *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530–31 (2d Cir. 2018); *Scholz v. Goudreau*, 901 F.3d 37, 49–50 (1st Cir. 2018); *Tobinick v. Novella*, 884 F.3d 1110, 1117–18 (11th Cir. 2018); *Romag*, 866 F.3d at 1334–36; *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180–81 (9th Cir. 2016) (en banc); *Baker v. DeShong*, 821 F.3d 620, 624–25 (5th Cir. 2016); *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 318 (6th Cir. 2015); *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721

(4th Cir. 2015); *Fair Wind Sailing*, 764 F.3d at 314–15.[5] These opinions both instruct and confirm our analysis here.

Therefore, we join our sister circuits and adopt *Octane*'s "exceptional case" standard as the governing framework for attorney fees requests under § 1117(a) of the Lanham Act. This does not require us to invent a new formula, as Defendants propose through their "highly likely to fail" test. (Defendants' Reply Br. at 8–10.) Instead, we simply instruct district courts analyzing such requests to examine the "totality of the circumstances" and exercise their "equitable discretion" in light of the factors and considerations identified in *Octane* and, by reference, *Fogerty*. *Octane*, 572 U.S. at 554 n.6.

### III. Conclusion

Because the district judge here did not address the parties' fee dispute under *Octane*, we VACATE the attorney fees order and REMAND so he may do so.

---

[5] The Tenth and D.C. Circuits have yet to address *Octane*'s applicability to Lanham Act attorney fees. And the Eighth Circuit has adopted a hybrid approach instructing district courts to consider both the totality of the circumstances under *Octane* and whether the plaintiff brought an action that "was groundless, unreasonable, vexatious, or was pursued in bad faith." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 912 F.3d 445, 454 (8th Cir. 2018) (internal quotation marks and citation omitted). In any event, from what we can gather, no circuit has considered and rejected *Octane*'s extension to the Lanham Act.