**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DERMA PEN, LLC,

     Plaintiff - Appellant,

v.

4EVERYOUNG LIMITED; BIOSOFT
(AUST) PTY LTD, d/b/a DermapenWorld;
EQUIPMED INTERNATIONAL PTY
LTD, d/b/a DermapenWorld; STENE
MARSHALL, d/b/a DermapenWorld,

     Defendants.

------------------------------

DERMA PEN IP HOLDINGS, LLC,

     Movant - Appellant,

JOEL MARSHALL; SASHA
MARSHALL; DP DERM, LLC,

     Movants - Appellees.

No. 19-4114

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:13-CV-00729-DN-EJF)**
_____

Dick J. Baldwin (Michael D. Zimmerman, Troy L. Booher, Taylor P. Webb with him on
the briefs), Zimmerman Booher, Salt Lake City, Utah, and Kevin A. Turney, Salt Lake
City, Utah, on the brief for Appellants.

S. Ian Hiatt (Jefferson W. Gross with him on the brief), Gross & Rooney, Salt Lake City, Utah, for Appellees.

_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **EID**, Circuit Judge.

_____

**LUCERO**, Senior Circuit Judge.

_____

After years of trademark litigation, Plaintiff-Appellant Derma Pen, LLC ("Derma Pen") was granted a permanent injunction against Stene Marshall and three related corporations that he had formed. Shortly thereafter, Derma Pen moved for a contempt order against Stene Marshall, alleging that he had violated the injunction. Derma Pen also sought a contempt order against Stene Marshall's brother and sister-in-law, Joel and Sasha Marshall, and DP Derm, LLC, a corporation Joel and Sasha own (collectively, the "Related Parties"). Movant-Appellant Derma Pen IP Holdings LLC ("DPIPH"), Derma Pen's successor in interest, joined Derma Pen's motion shortly before the contempt hearing. In its motion, Derma Pen asserted that the Related Parties had acted in concert with Stene Marshall to violate the injunction. The Related Parties prevailed in the contempt proceeding and subsequently moved for attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a), which allows a district court to award fees to a prevailing party in an "exceptional case" arising under the Act. The court granted the motion for fees, and Derma Pen and DPIPH appeal from that award.[1]

_____

[1] Appellants' opening brief also asserts that the district court's contempt determination was in error, but they correctly concede in their reply brief that we lack

2

In its award of attorney's fees to the Related Parties, the trial court relied upon a statutory provision in the Patent Act as interpreted by the Supreme Court in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014). We are called upon to decide whether the term "exceptional case" in the Patent Act differs in meaning from the same term used in the Lanham Act to a degree that requires reversal. We conclude that the exceptional case standard in the Lanham Act parallels the standard in the Patent Act and affirm.

## I

In 2013, Derma Pen sued Stene Marshall and three corporations that he had formed, alleging infringement of the "DERMAPEN" trademark (the "Mark"). On May 8, 2017, as part of the judgment in this action, Derma Pen was granted a permanent injunction prohibiting the defendants and "their officers, agents, servants, employees, attorneys, licensees, and anyone in active concert or participation with, aiding, assisting, or enabling Defendants" from using the Mark.

Several months later, on November 3, 2017, Derma Pen filed an *ex parte* motion for an Order to Show Cause (OSC) for contempt, asserting that Stene Marshall was violating the injunction. Derma Pen also alleged that Stene was acting in concert with the Related Parties to violate the injunction and included them as parties in the OSC.

---

appellate jurisdiction to decide that issue because they did not timely appeal the order. See Scrivner v. Sonat Exploration Co., 242 F.3d 1288, 1290 n.1 (10th Cir. 2001).

3

On June 8, 2018, the district court ordered Stene Marshall and the Related Parties to appear before it regarding the alleged violations of the injunction. A hearing was held on July 6, 2018, and the parties were ordered to stipulate to a scheduling order for limited discovery. The scheduling order required Derma Pen to identify the provisions of the injunction the Related Parties violated and to provide contact information of those with discoverable information to support its allegations. Derma Pen routinely failed to meet its discovery obligations, causing the Related Parties to file six discovery motions over a four-month period and leading to sanctions on Derma Pen.

Complicating the analysis, Derma Pen no longer had the rights to the Mark at the time of the contempt proceeding. DPIPH was formed in 2015, acquired the rights to the Mark shortly thereafter, and was subsequently joined to the underlying litigation. Although DPIPH remained a party to the litigation, it did not seek to join Derma Pen's motion for an OSC until December 7, 2018—roughly ten days prior to the scheduled evidentiary hearing and after a court order directing it to state on the record whether it was seeking to enforce the injunction against the Related Parties. DPIPH's motion to join the contempt proceeding was subsequently granted.

After holding an evidentiary hearing in December 2018, the district court issued a decision on February 14, 2019, holding Stene Marshall in contempt of the injunction but concluding the Related Parties had not acted in concert with Stene Marshall and had not violated the injunction. The Related Parties subsequently moved for attorney's fees incurred in the contempt proceeding under the Lanham

4

Act, which allows a prevailing party to recover fees in an "exceptional case." 15 U.S.C. § 1117(a). Applying the definition of "exceptional case" set forth in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014), the district court granted the motion and awarded the Related Parties $190,328 in fees.

The district court concluded that this case was exceptional based on the totality of five factors: (1) Appellants "produced no evidence of damages" (emphasis in original), (2) "the evidence showed Derma Pen had no right to enforce the injunction," (3) "the evidence showed that [the] trademark was abandoned," (4) "monetary sanctions were imposed on" Appellants for repeated failures to comply with discovery orders, and (5) Appellants were "entitled to no relief against the [Related Parties]."

An appeal is brought by Derma Pen and DPIPH.

**II**

We review orders granting or denying attorney's fees under the Lanham Act for abuse of discretion. King v. PA Consulting Grp., Inc., 485 F.3d 577, 592 (10th Cir. 2007). However, we "review the underlying legal principles de novo." Id. "A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Burke v. Regalado, 935 F.3d 960, 1011 (10th Cir. 2019) (citation omitted).

## A

The Lanham Act allows for a prevailing party to recover attorney's fees "in exceptional cases." 15 U.S.C. § 1117(a). The parties do not dispute Appellees are the prevailing parties; Appellants argue this is not an exceptional case.

In King, we held "a case may be deemed exceptional because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well." 485 F.3d at 592 (quotation omitted). "No one factor is determinative . . . ." Nat'l Ass'n of Pro. Baseball Leagues, Inc. v. Very Minor Leagues, Inc., 223 F.3d 1143, 1147 (10th Cir. 2000). "In more general terms, we look to both the objective strength of a plaintiff[']s Lanham Act claim and the plaintiff's subjective motivations." King, 485 F.3d at 592. Our case law recognizes that trial courts are particularly well-equipped to make this determination: "We are disinclined to add additional judicial gloss onto the statutory language [of the Lanham Act]." Nat'l Ass'n of Pro. Baseball Leagues, 223 F.3d at 1147. We believe the district courts are capable of distinguishing exceptional cases from routine cases. See id.; see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 572 U.S. 559, 564 (2014) (noting, under the analogous Patent Act fee-shifting provision, that "the district court is better positioned to decide whether a case is exceptional because it lives with the case over a prolonged period of time" (cleaned up)).

In its order, the district court enumerated five reasons, taken together, for its determination that this was an "exceptional" case: (1) Appellants produced "no

evidence of damages," (2) "the evidence showed Derma Pen had no right to enforce the injunction," (3) "the evidence showed that [the] trademark was abandoned," (4) "monetary sanctions were imposed on" Appellants for misconduct and delay during discovery, and (5) Appellants were "entitled to no relief against the [Related Parties]."

An award of fees based on these findings was not an abuse of discretion under King.[2] The first, second, third, and fifth findings indicate that Appellants' Lanham Act claim lacked objective strength. Appellants attempt to dissect the factors the district court cited in support of its decision—which was expressly made based on "the totality of the circumstances"—into individual factors that it asserts are each insufficient standing alone. We will not decimate the decision below and discern no abuse of discretion in the trial court's determination that the totality of the circumstances indicated an overall weakness of Appellants' claim that the Related Parties were violating the injunction. Also, it was well within the discretion we afford district courts to consider Appellants' misconduct and delay during discovery to be subjective evidence of a lack of good faith on Appellants' part or as an

---

[2] We encourage district courts to explain in detail the reasons for determining whether a particular case is exceptional for the purposes of fee awards. We have in the past found abuse of discretion meriting reversal in cases where the "district court simply did not provide enough analysis to satisfy us" that its decision was not arbitrary. CGC Holding Co., LLC v. Hutchens, 974 F.3d 1201, 1217 (10th Cir. 2020) (emphasis in original). The district court's explanation in this case toes that line, but, in our estimation, does not cross it.

indication of them prosecuting the case in an "unusually vexatious and oppressive manner." King, 485 F.3d at 592.

After overseeing more than six years of often contentious litigation, the district court was singularly familiar with this case and these parties. This is an archetypal example of a scenario in which the district court is "quite able to decide" whether this is an "exceptional" or "routine" case, and we will not second guess its determination. Nat'l Ass'n of Pro. Baseball Leagues, 223 F.3d at 1147.

**B**

If the court below had applied King, the discussion would end there. However, instead of applying King, the trial court relied on Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014). In that case, the Supreme Court interpreted an identical fee shifting provision in the Patent Act and held that an "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 554. Every other circuit has applied the Octane standard to fee disputes under the Lanham Act. See LHO Chicago River, L.L.C. v. Perillo, 942 F.3d 384, 388 (7th Cir. 2019) (collecting cases); see also Xereas v. Heiss, 987 F.3d 1124, 1137 (D.C. Cir. 2021); Safeway Transit LLC v. Disc. Party Bus, Inc., 954 F.3d 1171, 1182 (8th Cir. 2020). We have not previously been presented with the question of whether the Octane test applies to Lanham Act attorney's fee awards.

8

Having concluded after a review of the record that it was not an abuse of discretion to award fees under King, we could affirm on that basis alone. See United States v. Watson, 766 F.3d 1219, 1235 (10th Cir. 2014) ("[W]e have discretion . . . to affirm on any ground adequately supported by the record."). Nonetheless, we take this opportunity to join the chorus of circuits and hold that the Octane standard applies to fee awards for exceptional cases under the Lanham Act. "[F]ee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 759 n.2 (1989) (cleaned up); see also Smith v. City of Jackson, 544 U.S. 228, 233 (2005) ("[W]hen Congress uses the same language in two statutes having similar purposes, . . . it is appropriate to presume that Congress intended that text to have the same meaning in both statutes."). The fee-shifting provisions in the Lanham Act and the Patent Act are identical. Compare 15 U.S.C. § 1117(a) with 35 U.S.C. § 285. Moreover, as at least three other circuits have observed, Congress referred to the Patent Act's provision in passing § 1117(a). See S. Rep. 93-1400, at 5 (1974), as reprinted in 1974 U.S.C.C.A.N. 7132, 7135 ("The federal patent and copyright statutes expressly provide for reasonable attorney fees, as do a number of other federal acts."); see also LHO Chicago River, 942 F.3d at 388; Romag Fasteners, Inc. v. Fossil, Inc., 866 F.3d 1330, 1335–36 (Fed. Cir. 2017); Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 315 (3d Cir. 2014). Finally, Octane itself indicated that the two provisions should be interpreted identically by citing to a Lanham Act case in defining the term

9

"exceptional." See Octane, 572 U.S. at 554 (citing Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant, 771 F.2d 521, 526 (D.C. Cir. 1985)).

Based on the above, we conclude that the Octane standard applies to fee-shifting disputes under the Lanham Act. In so holding, however, we do not overturn King; indeed, the King factors remain useful inquiries for identifying exceptional cases under the Octane standard. Octane instructed district courts to determine whether a case is exceptional "in the case-by-case exercise of their discretion, considering the totality of the circumstances." 572 U.S. at 554. In defining an exceptional case as "simply one that stands out from others," the Supreme Court provided only limited direction to guide the discretion of district courts. Id. It noted that relevant factors could include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," but did not provide further guidance. Id. at 554 n.6. The factors we identified in King—lack of foundation, the plaintiff's bad faith, and unusually vexatious and oppressive litigation practices—and subsequent cases in this circuit that have applied the King factors continue to provide worthwhile considerations in determining when a case is "exceptional" under the Lanham Act. See King, 485 F.3d at 592. At their core, King and Octane are "twin sons of different mothers,"[3] and

---

[3] See Dan Fogelberg & Tim Weisberg, Twin Sons of Different Mothers (Epic Records 1978).

both provide guidance on whether a particular Lanham Act case merits an award of attorney's fees.

C

Appellees make a two-sentence request for attorney's fees on appeal. They cite Oklahoma Fixture Co. v. ASK Computer Systems, Inc., 45 F.3d 380, 383 (10th Cir. 1995) for the proposition that they are entitled to fees on appeal simply because they are entitled to fees below. Oklahoma Fixture, however, applies California law to a contract dispute and is not applicable to the current appeal. Id. Appellees advance no other argument that they are entitled to fees and their request for appellate attorney's fees is therefore denied.

IV

The district court's award of attorney's fees is **AFFIRMED**. Appellees' request for appellate attorney's fees is **DENIED**.