**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 28, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ALFWEAR, INC.,

    Plaintiff - Appellee,

v.

MAST-JAEGERMEISTER US, INC.,

    Defendant - Appellant.

No. 22-4020
(D.C. No. 2:17-CV-00936-TC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

After the district court granted summary judgment for Mast-Jaegermeister US, Inc. (MJUS) on Alfwear Inc.'s trademark infringement and unfair competition claims, MJUS moved for an award of prevailing-party attorney's fees and costs under the Lanham Act, 15 U.S.C. § 1117(a), and Rule 54(d) of the Federal Rules of Civil Procedure. The district court denied the motion, concluding the case was not

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sufficiently exceptional to warrant an award under § 1117(a).  MJUS appeals and, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

The factual and procedural background of the case is described in detail in our decision affirming the grant of summary judgment.  *See Alfwear, Inc. v. Mast-Jaegermeister US, Inc.*, No. 21-4029, 2023 WL 5765891, at *1-3 (10th Cir. Sept. 7, 2023) (*Alfwear I*).  We do not repeat that information here, but provide the following additional background information regarding the motion for fees and costs.

Following entry of judgment, MJUS filed its motion along with a bill of costs. The district court clerk entered an order for taxable costs, and the motion for attorney's fees and nontaxable costs proceeded to briefing.  After a magistrate judge entered an order purporting to deny the motion, MJUS filed objections to the order and a notice of appeal to this court.  We abated the appeal pending the district court's decision on the objections.  The district court treated the magistrate judge's order as a report and recommendation and made a de novo determination of the portions of the order to which MJUS objected.  *See* 28 U.S.C. § 636(b)(3); Fed. R. Civ. P. 72(b)(3); *cf. Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989) (recognizing that dispositive post-judgment matters may be assigned to magistrate judges under § 636(b)(3), subject to de novo review).  The district court adopted the magistrate judge's recommendation and denied the motion. We lifted the abatement and dismissed the appeal of the magistrate judge's order for lack of jurisdiction because the order was not a final order by the district court and

was not directly appealable. *See Alfwear, Inc. v. Mast-Jaegermeister US, Inc.*, No. 21-4123, 2022 WL 1164853, at *1 (10th Cir. Mar. 24, 2022).

MJUS then filed this appeal from the district court's order. It challenges the order on two grounds. First, it argues that the court abused its discretion by denying prevailing-party attorney's fees under the Lanham Act. Second, it argues that the court erred by refusing to award additional costs under Rule 54.

## II.    Denial of Attorney's Fees

### A.  Standard of Review

"We review orders granting or denying attorney's fees under the Lanham Act for abuse of discretion." *Derma Pen, LLC v. 4EverYoung Ltd.*, 999 F.3d 1240, 1244 (10th Cir. 2021). "An abuse of discretion has been characterized as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1233 (10th Cir. 2018) (internal quotation marks omitted). A court abuses its discretion when it "commits legal error, relies on clearly erroneous factual findings, or issues a ruling without any rational evidentiary basis." *Id.* Under the abuse-of-discretion standard, we will reverse only if we have "a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1213 (10th Cir. 2010) (internal quotation marks omitted).

To facilitate meaningful appellate review, a district court must "provide a concise but clear explanation of its reasons for" its ruling on a motion for attorney's

3

fees. *Xlear*, 893 F.3d at 1233 (internal quotation marks omitted).  The district court's explanation must "provide enough analysis to satisfy us that its decision was not arbitrary." *Derma Pen*, 999 F.3d at 1245 n.2 (emphasis and internal quotation marks omitted).

Although we review the district court's ruling for abuse of discretion, we review its underlying factual findings for clear error.  *See Lorillard Tobacco*, 611 F.3d at 1213.  Under that standard, "[w]e . . . must uphold any district court finding that is permissible in light of the evidence." *Manning v. United States*, 146 F.3d 808, 813 (10th Cir. 1998) (internal quotation marks omitted).  Thus, if the record supports "two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted).

## B.  Legal Standards

The Lanham Act allows a district court to award attorneys' fees to a prevailing party only in "exceptional cases."  15 U.S.C. § 1117(a).  An exceptional case is one "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Derma Pen*, 999 F.3d at 1245 (internal quotation marks omitted).  The prevailing party has the burden of demonstrating exceptionality by a preponderance of the evidence. *Octane Fitness,*

4

*LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014) (interpreting identical exceptional-case attorney fee provision in the Patent Act).[1]

There is no "precise rule or formula for making" exceptional-case determinations. *Id.* at 554. A "case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award," but it is "the rare case" in which a party's non-sanctionable litigation conduct, even if unreasonable, is "so 'exceptional' as to justify an award of fees." *Id.* Thus, aggressive litigation tactics and overreach do not necessarily transform an ordinary case into an exceptional one for which fee-shifting is warranted. Other non-exclusive factors that may support a finding of exceptionality include frivolousness, motivation, objective unreasonableness of the facts or legal theories, and the need to compensate the prevailing party or deter the losing party. *Id.* at 554 n.6; *see also Derma Pen*, 999 F.3d at 1246 (applying *Octane Fitness* test in Lanham Act case). "In more general terms, [courts] look to both the objective strength of a plaintiff[']s Lanham Act claim and the plaintiff's subjective motivations." *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 592 (10th Cir. 2007).

District courts have broad discretion to decide whether a case is exceptional under the totality of the circumstances. *See Derma Pen*, 999 F.3d at 1246. Even

---

[1] In *Octane Fitness*, the Supreme Court established the standards applicable under the exceptional-case attorney fees provision in the Patent Act, 35 U.S.C. § 285, which is identical to the one in the Lanham Act. *Compare* 15 U.S.C. § 1117(a) *with* 35 U.S.C. § 285. In *Derma Pen*, we held that the *Octane Fitness* standard applies to fee awards for exceptional cases under the Lanham Act. *Derma Pen*, 999 F.3d at 1245.

when a court deems a case exceptional, it has discretion to decide whether the case is sufficiently exceptional to warrant a fee award. *Nat'l Ass'n of Pro. Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000). On review, we are mindful that district courts are "particularly well-equipped" to decide whether a case is exceptional because they "live[] with the case over a prolonged period of time." *Derma Pen*, 999 F.3d at 1244 (internal quotation marks omitted).

## C. Analysis

Applying the *Octane Fitness*/*Derma Pen* test here, the district court concluded that the case was not exceptional because it did not stand out either based on the strength of Alfwear's claims or its litigation conduct. MJUS insists it is entitled to an award of fees based on the "weakness of Alfwear's claims from the case's inception to summary judgment," and its "serial vexatious" litigation tactics, Aplt. Opening Br. at 25-26, but we find no abuse of discretion in the district court's ruling.

MJUS maintains that the same evidence that led the district court to dismiss Alfwear's case on summary judgment required a finding of exceptionality for purposes of an attorney's fees award. But under the exceptionality requirement, fee awards are not used as a penalty for losing. *See Nat'l Ass'n of Pro. Baseball Leagues*, 223 F.3d at 1147 ("[I]t is not enough that the plaintiff does not prevail. Rather, to be an 'exceptional' case within the meaning of the statute, the plaintiff's suit must lack any reasonable foundation."). Thus, not every case dismissed on summary judgment can be considered exceptional. *See Octane Fitness*, 572 U.S. at 558 (remanding for exceptionality determination under the correct standard instead

6

of concluding that party awarded summary judgment was entitled to attorney's fees).

Indeed, if a district court awarded attorney's fees every time it entered summary

judgment, fee awards would be commonplace, not exceptional.

Here, the district court explained that "if the case had been truly meritless

from the outset, the court would have had no qualms about dismissing the case," but

Alfwear's claims were "sufficiently meritorious" to survive MJUS's motion to

dismiss.  Aplt. App., vol. XIX at 213 (internal quotation marks omitted).  The court

acknowledged that MJUS ultimately prevailed at summary judgment, but it correctly

observed that "losing is not the benchmark for awarding attorneys' fees."  *Id.* at 214.

And despite MJUS's argument that Alfwear "should [not] have filed suit in the first

place," the court found no "improper motive, objective unreasonableness, or bad

faith" in Alfwear's decision to do so.  *Id.*  In particular, the court found that

Alfwear's belief that there was a likelihood of confusion between the parties'

trademarks was "objectively reasonable," and that "[t]his was not a frivolous case."

*Id.*  MJUS's disagreement with these findings does not establish that they are clearly

erroneous, and the district court did not abuse its discretion in concluding that

Alfwear's case was not so meritless that it rose to the level of exceptional.

MJUS also takes issue with the district court's conclusion that Alfwear's

litigation conduct did not justify a fees award.  The court described the case as

"contentious," *id.* at 213, and found that "[b]oth parties engaged in hard-fought

tactics," *id.* at 212 (internal quotation marks omitted).  It acknowledged MJUS's

argument that Alfwear engaged in abusive litigation conduct by, among other things,

7

filing proceedings before the Trademark Trial and Appeal Board (TTAB) and in another federal district court while this case was pending. But the court noted that MJUS was the first to seek relief outside this lawsuit by filing four TTAB proceedings and a declaratory judgment action in the other district court. *Id.* The court also noted that it had not "single[d] out either side's behavior as crossing the line" but that it had "chided [MJUS] for forum shopping and for lodging accusations at Alfwear based on insinuation." *Id.* at 213 (internal quotation marks omitted). Based on these findings and its consideration of "the totality of the circumstances," the court concluded that "Alfwear's litigation tactics are not enough to label this case exceptional." *Id.* (internal quotation marks omitted).

MJUS claims the record does not support the district court's findings. It reiterates the same factual narrative and arguments it presented in its district court filings, and it maintains that the court failed to "analyz[e] the full procedural history," Aplt. Opening Br. at 26, and "to properly weigh" the evidence, *id.* at 14. It characterizes its out-of-district litigation as a legitimate effort to protect its rights, and describes Alfwear's as an improper attempt to shore up its claims in this case and to harass MJUS. Based on this narrative, MJUS says the district court "minimize[d] the abusive manner in which Alfwear prosecuted this case," and it takes issue with the court's finding of "equivalence in the parties' actions." *Id.* at 26.

It was within the court's discretion to weigh the evidence regarding the parties' litigation conduct in making its exceptionality determination, and because its "equivalence" finding is a permissible view of the evidence, we will not disturb it

8

even if, under MJUS's narrative, the evidence also would have supported a different conclusion. *See Manning*, 146 F.3d at 813. MJUS's attacks on the adequacy of the district court's findings and analysis do not undermine its ruling. The court's failure to mention each instance of alleged litigation abuse and to address every aspect of MJUS's argument does not mean the court failed to consider the full story. Its explanation is sufficient to satisfy us that its decision was not arbitrary. *See Derma Pen*, 999 F.3d at 1245 n.2.

MJUS's arguments boil down to a disagreement with the outcome of the district court's weighing of the evidence and its discretionary determination based on the totality of the circumstances that this case was not exceptional. We will not reweigh the evidence, however, and see no basis for setting aside the district court's ruling. By the time the court decided the motion for fees, it had presided over this case for about five years. It was thus "singularly familiar" with the case and the parties, and it was in the best position to decide whether this is an "exceptional" or "routine" case, *Derma Pen*, 999 F.3d at 1245. The court applied the correct legal standard, its factual findings are not clearly erroneous, and its ruling has a rational evidentiary basis. Accordingly, we find no abuse of discretion in its exceptionality determination. *See Xlear*, 893 F.3d at 1233.[2]

---

[2] Having concluded that the district court did not abuse its discretion in denying the motion for fees, we need not address MJUS's arguments about the reasonableness of its attorney's fees.

### III.    Denial of Costs

MJUS also argues that the district court erred by denying its motion for nontaxable costs pursuant to Rule 54(d).  Specifically, MJUS insists it is entitled to recover its expert witness fees, third-party vendor fees, and TTAB filing fees incurred in defending against Alfwear's claims.  Again, we disagree.

### A.  Legal Framework

We review the district court's ruling on a motion for costs under Rule 54(d) for abuse of discretion.  *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

As pertinent here, Rule 54(d) provides that "[u]nless a federal statute . . . provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "[T]he Supreme Court has placed strict limits on what can be awarded" under Rule 54(d)(1).  *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 941 (10th Cir. 2020).  The costs allowable under this rule are limited to the six categories of taxable "costs" Congress identified in the general costs statutes, 28 U.S.C. §§ 1821, 1920, which "define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further."  *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877-78 (2019) (internal quotation marks omitted).

A prevailing party may seek an award of nontaxable costs pursuant to a statute that provides for such an award.  *See* Fed. R. Civ. P. 54(d)(2)(A), (B)(ii).  But any statute allowing a costs award "will not be construed as authorizing an award of

10

litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St.*, 139 S. Ct. at 878.

## B. **Analysis**

The district court correctly concluded that none of the nontaxable costs MJUS sought were recoverable under Rule 54(d)(1) because they are not listed in the general costs statute, 28 U.S.C. §§ 1821, 1920. *See Stender*, 958 F.3d at 941-42; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) (holding that expert witness fees are not available under Federal Rule of Civil Procedure 54(d) because "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of [the general costs statute], absent contract or explicit statutory authority to the contrary").

We are not persuaded otherwise by MJUS's insistence that "relevant case law" permits an award of its litigation costs under Rule 54(d)(1). Aplt. Opening Br. at 50-51 (capitalization omitted). The cases MJUS relies on hold that a court may award nontaxable costs as part of a prevailing-party attorney's fees award or pursuant to the court's inherent authority to impose sanctions in cases where the non-prevailing party acted fraudulently or in bad faith. They do not hold that a court may award nontaxable costs such as non-court appointed expert witness fees under Rule 54(d)(1), and both we and the Supreme Court have expressly held otherwise. *See Stender*, 958 F.3d at 941-42.

Nor were MJUS's nontaxable costs recoverable under Rule 54(d)(2) and the Lanham Act. For starters, the Lanham Act provides that *successful plaintiffs* are

11

entitled to "the costs of the action," and does not specifically provide for an award of costs to a *successful defendant*. *See* 15 U.S.C. § 1117(a). Moreover, even if a successful defendant is entitled to an award of costs under § 1117(a), the allowable costs would not include nontaxable litigation expenses because the statute does not explicitly authorize the award of costs beyond those listed in the general costs statute. *See Rimini St.*, 139 S. Ct. at 877-78 (holding that the authorization in 42 U.S.C. § 1988 to award "full costs" does not provide the "explicit statutory authority" required to award costs, including expert witness fees, beyond those provided by §§ 1920 and 1821 (internal quotation marks omitted)); *Reazin v. Blue Cross & Blue Shield of Kan., Inc.*, 899 F.2d 951, 981-82 (10th Cir. 1990) (holding that expert witness fees are not recoverable under the attorney's fees provision in the Clayton Act, which does not expressly allow costs and fees in excess of the general cost statute). An award of nontaxable costs under § 1117(a)'s prevailing-party fee-shifting provision was precluded by the district court's determination, which we have already upheld, that this case is not exceptional. *See Mathis v. Spears*, 857 F.2d 749, 759 (Fed. Cir. 1988) (recognizing that an award of reasonable expert witness fees is permissible under the Patent Act's exceptional-case fee-shifting provision "only upon a finding of" exceptionality).

Finally, a district court has the inherent authority to award attorney's fees and related expenses as a sanction for the losing party's bad faith, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991), but such an award was foreclosed here by the

12

district court's finding that Alfwear did not act in bad faith, *see Mountain W. Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 954 (10th Cir. 2006).

## IV.    Conclusion

We affirm the district court's order denying MJUS's motion for attorneys fees and costs.  We provisionally granted both parties' motions to file their briefs and portions of its appendix under seal, along with publicly-filed redacted versions of the briefs and appendix, subject to a reconsideration by the merits panel.  We now make our provisional orders permanent.

Entered for the Court


Jerome A. Holmes
Chief Judge
