Filed 4/18/25  Estate of Moundi CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Estate of HARBHAJAN MOUNDI, Deceased. | |
| MALKIT KAUR MOUNDI,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GUARDIAL SINGH MOUNDI,<br><br>    Objector and Appellant. | F085580<br><br>(Super. Ct. No. PR-21-000991)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Stanislaus County.  Stacy P. Speiller, Judge.

HBG Law and Harry B. Gill for Objector and Appellant.

Fores Macko Johnston & Chartrand and Anthony D. Johnston for Plaintiff and Respondent.

-ooOoo-

This is a dispute between a mother and her son over their deceased husband-father's 50 percent interest in the family residence.  In February 2022, the probate court filed a spousal property order confirming the mother's ownership of that interest as the surviving spouse.  In November 2022, the son filed a motion to set aside the spousal property order on the ground the order was void.  (See Code Civ. Proc., § 473, subd. (d).)[1]  The probate court denied relief under the discretionary provision in section 473, subdivision (b) because the motion was untimely—that is, was not filed within six months after the challenged order was filed.  The court also found the allegation in the surviving spouse's petition that her husband died intestate was not extrinsic fraud that prevented the son from objecting to the petition on the ground the father made a will transferring his interest to his three sons.  For this and other reasons, the court concluded the order was not void and denied relief under section 473, subdivision (d).  We agree with the probate court.

We therefore affirm the spousal property order.

**FACTS**

Harbhajan Singh Moundi (Decedent) and respondent Malkit Kaur Moundi (Surviving Spouse) were married in Punjab, India in June 1952.  They had five children—three sons and two daughters.  Appellant Gurdial Singh Moundi (Son) is one of their sons.

In April 1987, Decedent and Surviving Spouse moved to California.  In March 1989, they acquired a house on Penny Lane in Modesto; it was their primary residence (Property).

The record contains a translation of what Son contends is Decedent's first and last will.  It was executed in February 2001 when Decedent was about 65 years old.  The translation stated:  "I with sound mind write this will that till the time I am alive, I will be

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

2.

the owner of my whole assets[;] after my death, my sons Guersewak Singh – Gurdial Singh – Gurbaksh Singh … will be the owners in equal share." It stated Decedent's two daughters had already been given their share and his sons also were entitled to "any money in my banks, post office."

In January 2016, a quitclaim deed was recorded stating Jaswinder K. Singh "hereby REMISE(S), RELEASE(S) AND FOREVER QUITCLAIM(S) to Harbhajan S Moundi and Malkit K Moundi" the Property. Jaswinder Kaur Singh is one of the daughters of Decedent and Surviving Spouse.

In July 2021, Decedent died.

## PROCEDURAL HISTORY

In August 2021, Surviving Spouse initiated Stanislaus County Superior Court case No. PR-21-000991 by filing a spousal property petition on mandatory Judicial Council form DE-221. The petition (1) sought a determination that Decedent's interest in the Property passed to her without administration, (2) stated Decedent was intestate, and (3) stated a petition for probate or administration of Decedent's estate had not been filed and was not being filed with the spousal property petition. The petition described Decedent's interest as a "50% community property interest" in the Property and stated title to the Property was in Decedent's and Surviving Spouse's names. The quitclaim deed recorded in January 2016 was attached to the petition.

On October 27, 2021, a hearing was held on the spousal property petition. Son's counsel appeared at the hearing and made an oral objection to the petition. The minute order for the hearing stated the hearing was continued to February 10, 2022, and: "Any

3.

objection must be filed and served by 12/17/21 by 4:00 p.m. If it is not filed and served by the deadline, the objections are waived pursuant to Cal. Rules of Court 7.801."[2]

Son's attorney attempted to electronically file an objection the morning of December 17, 2021. The rejection notice stated: "This is titled as an Objection however, this is a Petition for Probate. It needs to be submitted as a new case. We will assign it a case number, hearing date, and we will relate the two cases together.… Also, a copy of the will must be submitted as a separate lead document along with the court's local cover sheet for wills.… The will must also be followed by an English translation." Son did not file an objection to the spousal property petition before the deadline.

On January 5, 2022, Son's attorney filed a petition for probate of lost will and for letters testamentary for the estate of Decedent. The petition was assigned case No. PR-22-000021 by the Stanislaus County Superior Court.

On February 10, 2022, the hearing on surviving spouse's petition was held. Son's attorney did not appear at the hearing.

On February 14, 2022, the clerk of court stamped "FILED" on the probate court's spousal property order on mandatory Judicial Council form DE-226. The order included the findings that Decedent died intestate on July 2, 2021. The order stated: "The property described in Attachment 5a is properly passing to the surviving spouse … and no administration of it is necessary." The attachment referred to Decedent's 50 percent community property interest in the Property.

On May 12, 2022, counsel for Surviving Spouse filed a notice of entry of spousal property order and a proof of service stating the order had been served by United States Postal Service mail on Son and the other children on March 14, 2022.

---

[2]     California Rules of Court, rule 7.801 states in full: "If the court continues a matter to allow a written objection or response to be made, and the responding or objecting party fails to serve and file a timely objection or response, the court may deem the objections or responses waived."

*Motion to Set Aside*

On November 10, 2022, Son's attorney mistakenly filed a motion to set aside the spousal property order under case No. PR-22-000021. Recognizing the error, the attorney filed the motion in case No. PR-21-000991 on Monday, November 15, 2021. The motion asserted it was brought under section 473 and the spousal property order "is subject to set aside as it is a void order."

On November 17, 2022, the probate court held a hearing in the proceeding initiated by Son's petition, case No. PR-22-000021, and filed a minute order stating the action was dismissed without prejudice.

In December 2022, Surviving Spouse filed an opposition to Son's motion to set aside the spousal property order. The opposition argued Son was not entitled to relief under section 473, subdivision (b) because he failed to (1) show a mistake, inadvertence, surprise or excusable neglect, (2) file the motion within the required six-month period, and (3) attach a copy of the proposed pleading he would file if granted relief. It also argued the order was valid, not void, and, accordingly, could not be set aside under section 473, subdivision (d).

Son's reply argued the opposition lacked merit because it was devoid of authorities showing why the spousal property order was not void. Son also argued his motion to set aside was timely filed in November 2022 based on starting the six-month period from the date the notice of entry of the spousal property order was filed (May 12, 2022), not the date the order itself was filed (February 14, 2022).

*Probate Court's Ruling*

The probate court's tentative ruling on Son's motion to set aside spousal property order stated the motion would be denied because (1) the request for relief due to a mistake, inadvertence, surprise or excusable neglect was untimely and (2) the order was not void. On January 5, 2023, the court held a hearing on Son's motion to set aside and confirmed its tentative ruling to deny the motion. Son appealed.

5.

**DISCUSSION**

Section 473, subdivision (b) provides for mandatory relief and discretionary relief from judgments, dismissals and orders that meet certain requirements. In addition, section 473, subdivision (d) provides that a "court may … set aside any void judgment or order."

I.  SECTION 473, SUBDIVISION (b)

A.  <u>Mandatory Relief Based on Attorney Fault</u>

Section 473, subdivision (b)'s provision for mandatory relief requires the motion or application to be accompanied by an attorney's sworn affidavit of fault. The purpose of this provision is to relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney (the attorney must pay the other side reasonable compensatory legal fees and costs as a condition to obtaining relief), and to avoid precipitating more litigation in the form of malpractice suits. (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516.) Son's motion for relief was not "accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) As a result, an explicit statutory condition for mandatory relief was not satisfied. Consequently, Son is not entitled to relief under the mandatory provision of section 473, subdivision (b).

B.  <u>Discretionary Relief from Excusable Neglect</u>

Section 473, subdivision (b) also provides that a "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." The phrase "may, upon any terms as may be just, relieve" grants discretionary authority to the probate court and, as a result, appellate courts review the probate court's order for an abuse of discretion. (*Ibid.*; see *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.)

6.

Notwithstanding the discretionary component of this provision, a party seeking relief must satisfy certain conditions to be eligible for relief. First, the application must "be made within a reasonable time, in no case exceeding six months, after the … order … was taken." (§ 473, subd. (b).) Second, the application "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted." (§ 473, subd. (b); see *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 728–730.)

### 1. The Six-Month Period

The probate court determined Son's November 2022 request for relief under the discretionary provision of section 473, subdivision (b) was untimely after considering three different starting dates. First, starting the six-month statutory period when the spousal property order *was filed* (February 14, 2022), the court concluded the period expired on August 14, 2022. Second, starting the six-month period on the date the notice of entry of order *was served* (March 14, 2022), the court concluded the six-month period expired on September 14, 2022. Third, starting the limitation period on the date the notice of entry of order *was filed* (May 12, 2022), the court concluded the period expired on Monday, November 14, 2022. All of these expiration dates occurred before Son's motion to set aside was filed under the correct case number on November 15, 2022.

On appeal, Son's arguments are based on the six-month period beginning to run on the date the notice of entry of order was filed (May 12, 2022), and either the date he mistakenly filed his motion in the wrong case (November 10, 2022) or the date he filed it in the correct case (November 15, 2022).

Our analysis of the timeliness of Son's motion begins with the statute's text, which states that the application "shall be made" within a reasonable time not exceeding six months "after the … order, or proceeding was taken." (§ 473, subd. (b).) To identify the

7.

starting and ending dates of the limitation period, we must determine the meaning of the words "made" and "taken."  The statute does not define either word.

The parties' appellate briefing does not address the meaning of these words, but the parties appear to have assumed the application for relief is "made" when it is filed with the court.  In light of the parties' briefing and the many cases that use the date a motion to vacate an order is filed with the court, we conclude an application for discretionary relief under section 473, subdivision (b) is "made" when the party *files* the application with the court.  (See e.g., *Jimenez v. Chavez* (2023) 97 Cal.App.5th 50, 62–63 [comparing the date the motion for relief was filed to the date the default judgment was entered]; *Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1052 ["motion was filed within six months of entry of default judgment"].)

Next, we consider the meaning of the word "taken" to determine when the "order … was taken."  (§ 473, subd. (b).)  When a default judgment is being challenged, the date it was entered is used to start the six-month period.  (See *Jimenez v. Chavez*, *supra*, 97 Cal.App.5th at pp. 62–63; *Grados v. Shiau*, *supra*, 63 Cal.App.5th at p. 1052.)  This approach implies "taken" means entered, which is an interpretation consistent with the wording of the provision for mandatory relief based on attorney fault.  That provision refers to "whenever an application for relief is made no more than six months after *entry* of judgment."  (§ 473, subd. (b), italics added; see *M. C. & D. Capital Corp. v. Gilmaker* (1988) 204 Cal.App.3d 671, 679 [" 'Entry of judgment' is a ministerial act of entering the judgment in the judgment-book by the court clerk, thereby providing record evidence of its existence"]; § 664 [entry of judgment].)

By analogy, an order is "taken" when it is "entered."  Although not directly applicable to a section 473 application for relief, California Rules of Court, rule 8.104 specifies the time to file an appeal and defines the "entry date" of an appealable order in three situations.  First, "[t]he entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes."  (Cal. Rules of Court, rule

8.104(c)(2).)  Second, "if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed."  (*Ibid*.)  Third, "[t]he entry date of an appealable order that is not entered in the minutes is the date the signed order is filed." (Cal. Rules of Court, rule 8.104(c)(3).)

Here, the parties' appendices do not contain a minute order from the February 10, 2022 hearing on the Surviving Spouse's spousal property petition.  However, the appellant's appendix includes a copy of the spousal property order on Judicial Council form DE-226, which was stamped "FILED" on February 14, 2022.  Consequently, we conclude the order was "taken" for purposes of section 473, subdivision (b) on February 14, 2022, the date the clerk of court filed it.  Therefore, the six-month period expired on August 14, 2022.  Consequently, to the extent Son's November 2022 motion sought discretionary relief under section 473, subdivision (b), it was untimely because it was "made" approximately nine months after the spousal property "order … was taken." (§ 473, subd. (b).)

Son's appellate briefs do not convince us the foregoing interpretation and application of the statute is wrong.  Those briefs cite no cases or secondary authority concluding an order is not "taken" for purposes of section 473, subdivision (b) until a notice of entry of the order is both served on the parties *and* filed with the court.  As a result, we reject Son's argument that the six-month period started running in May 2022, when the notice of entry of order was filed.

### 2. Diligence and a Reasonable Time

Six months is the longest time allowable for seeking relief under section 473, subdivision (b).  In other words, it represents the outside limit of the court's authority to grant relief.  (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1422.)  The statute's "reasonable time" test stands as an independent requirement that the applicant must satisfy.  (*Ibid*.)  Whether an applicant has sought relief within a reasonable time depends

9.

on the circumstances of the case. (*Ibid*.) In *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, the court concluded that "what a 'reasonable time' is in any case depends primarily on the facts and circumstances of each individual case, but definitively requires a showing of diligence in making the motion after the discovery of the default." (*Id*. at p. 1181.) Relief has been denied in cases where there is no satisfactory explanation of a delay of three months or more. (*Ibid*.) For example, in *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, the Supreme Court reversed the trial court's order granting relief where the party's attorney knew of the default but waited over three months to file the motion and provided no explanation for the delay. (*Id*. at pp. 529, 531–533.)

Here, the declaration of Son's attorney does not explain why the motion to set aside was filed in November instead of earlier. Therefore, he made no showing of diligence or excuse for the delay in bringing the motion. The absence of any showing of diligence provides a separate and distinct ground for concluding the request for relief under section 473, subdivision (b) was untimely. (See *Ludka v. Memory Magnetics International* (1972) 25 Cal.App.3d 316, 321-322 [an unexplained three-month delay shows a lack of diligence justifying denial of motion].)

## II.    RELIEF FROM VOID ORDERS

Subdivision (d) of section 473 provides in relevant part that a court "may … on motion of either party after notice to the other party, set aside any void judgment or order." Here, Son's motion explicitly asserted the spousal property order was void.

### A.    Timeliness

Unlike subdivision (b) of section 473, subdivision (d) does not contain a timeliness requirement. (See *California Capital Insurance Company v. Hoehn* (2024) 17 Cal.5th 207, 221 [§ 473, subd. (d)'s text contains no hint of a two-year limit or any other time limitation].) Son addresses the timeliness of his request for this type of relief by

10.

citing the general rule that a void order may be attacked at any time. (See *Hoehn*, *supra*, at p. 216; *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292.)

We conclude Son's motion to set aside was timely to the extent it seeks relief from a void order pursuant to section 473, subdivision (d).

## B.     Voidness

Son's motion asserted three grounds for granting relief under subdivision (d) of section 473. He claimed the spousal property order was void because (1) the petition did not include a copy of a deed demonstrating how title to the Property was held; (2) his attorney made oral objections at the October 27, 2021 hearing and the clerk of court refused to allow him to file a competing petition;[3] pursuant to California Rules of Court, rule 7.301; and (3) Surviving Spouse's petition falsely alleged Decedent died intestate. The probate court rejected these arguments and stated it had subject matter jurisdiction because Probate Code section 13650 authorized Surviving Spouse's petition to confirm her ownership of the Property and the Property was located in Stanislaus County.

On appeal, Son contends this court faces two separate determinations when considering his request for relief under section 473, subdivision (d)—whether the order is void and, if so, whether the probate court properly exercised its discretion in refusing to set it aside. Son also contends the determination whether an order is void is reviewed de novo and the second determination is reviewed for an abuse of discretion. These contentions accurately identify applicable legal principles. (See *W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 12 (*Bradley Electric*).)

---

**3**      Son contends a rule authorized his competing petition for probate of the lost will to be filed in the same proceeding. California Rules of Court, rule 7.301 provides in full: "A petition for spousal or domestic partner property determination or confirmation must be filed separately from a petition for probate of will or for letters of administration, even if both petitions are filed at the same time. *The two petitions must be filed under the same case number*." (Italics added.)

Son's appellate briefing, however, does not set forth the test for determining whether an order or judgment is void or merely voidable. As explained below, this omission and the resulting failure to analyze why the grounds he raised caused the order to be void leads to the conclusion that Son failed to carry the appellant's burden of demonstrating "the trial court committed an error that justifies reversal." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) The presumption that a trial court's order is correct and the allocation to the appellant of the burden of demonstrating prejudicial error is derived from the constitutional doctrine of reversible error. (*Ibid.*; see Cal. Const., art. VI, § 13.)

### 1. Legal Principles Distinguishing Void from Voidable

An order or "judgment is void if the trial court lacks jurisdiction in a fundamental sense, as where it lacked subject matter jurisdiction, lacked personal jurisdiction over the defendant, or granted relief the court had no power to grant." (*Bradley Electric*, *supra*, 100 Cal.App.5th at p. 13.) In contrast, where "the court has fundamental jurisdiction but exceeds its jurisdiction by acting contrary to its statutory duties, the judgment is merely voidable, not void." (*Ibid.*) The distinction between void and voidable is important because an order or "judgment that is merely voidable is not subject to section 473, subdivision (d)." (*Ibid.*)

### 2. Absence of a Deed Showing How Legal Title Was Held

Rule 8.98(B) of the Local Rules of the Stanislaus County Superior Court states a spousal property petition "should contain as many of the following allegations as are relevant: [¶] … [¶] 8. When the petition involves real property, a copy of a deed demonstrating current title shall be attached as an exhibit in support of the petition." Son contends reliance on the quitclaim deed recorded in January 2016 "to establish title ownership is both procedurally and substantively flawed, rendering the evidence insufficient to support [Surviving Spouse's] claim."

Assuming the probate court erred in relying on the quitclaim deed, Son has cited no authority establishing that erroneous reliance deprived the court of subject matter jurisdiction, deprived the court of personal jurisdiction over him or Surviving Spouse, or resulted in relief the court had no power to grant. (See *Bradley Electric*, *supra*, 100 Cal.App.5th at p. 13 [criteria for establishing an order is void].) Thus, Son has not demonstrated the purported error renders the order void, instead of merely voidable.

### 3. Oral Objections

The probate court concluded the spousal property order was not void because the court had given Son ample time to file written objections and an opportunity to appear at the hearing to contest the spousal property petition. Son argues (1) he did not waive his objections to the petition and (2) procedural irregularities combined with the absence of a valid minute order deprived him of a fair opportunity to comply.

Son's argument refers to "the purported Minute Order dated October 27, 2021, which allegedly set a deadline for filing written objections" and asserts the "Minute Order was absent from the Trial Court's official records when Appellant received the Case Information Sheets for both Case No. PR-21-000991 … and Case No. PR-22-000021 …." One problem with this argument is that an attorney representing Son appeared at the hearing and would have heard the court announce its order continuing the hearing to February 10, 2022, and setting the December 17, 2021 deadline for written objections. A second problem with the argument is that the failed attempt by Son's attorney to file an objection on December 17, 2021, supports the factual inference that the attorney had actual notice of the deadline. The notice provided at the hearing to the attorney then representing Son and the awareness of the attorney subsequently representing Son is the basis for our rejection of Son's argument about the absence of a fair opportunity.

13.

In addition, Son has not demonstrated the procedural defects rendered the court's spousal property order void instead of merely voidable. We recognize Son has argued that Surviving Spouse's opposition to his motion was "devoid of case laws or authorities showing why the Spousal Property Order was not void." This argument incorrectly attempts to shift the burden to Surviving Spouse. As the moving party in the probate court, Son had the burden of proving the facts upon which he sought relief. (See Evid. Code, § 500.) Similarly, as the appellant, Son has the burden of demonstrating error in this court. As a result, it is his burden, not Surviving Spouse's, to demonstrate the order was void. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"].)

To summarize, we conclude the spousal property order has not been shown to be void due to the procedural irregularities asserted by Son.

### 4. *False Claim That Decedent Died Intestate*

Son also contends the spousal property order is void because it was obtained through Surviving Spouse's deliberate misrepresentations that Decedent died intestate, Surviving Spouse failed to amend her petition after learning of the Decedent's will, and the misrepresentations constitute extrinsic fraud. The probate court concluded the false allegation made no difference because Son had the opportunity to file written objections and failed to do so.

"Fraud is extrinsic where the defrauded party was deprived of the opportunity to present his or her claim or defense to the court, that is, where he or she was kept in ignorance or in some other manner, other than from his or her own conduct, fraudulently prevented from fully participating in the proceeding." (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1068.) In contrast, intrinsic fraud occurs "if a party has been given notice of the action and has not been prevented from participating therein, that is, if he or

14.

she had the opportunity to present his or her case and to protect himself or herself from any mistake or fraud of his or her adversary, but unreasonably neglected to do so." (*Id*. at p. 1069.) Accordingly, to demonstrate extrinsic fraud, a party cannot simply assert the judgment or order was premised upon false facts. (*In re Margarita D.* (1999) 72 Cal.App.4th 1288, 1295.)

Here, Son has not demonstrated extrinsic fraud for several reasons. First, under the applicable principles of appellate procedure, we cannot infer he proved the 2001 will (1) was authentic and (2) had not been revoked before Decedent's death. Second, he has presented no evidence showing Surviving Spouse knew of the 2001 will and also knew it had not been revoked. (See *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990 [fraud exists when, among other things, the representation is made with knowledge of its falsity (scienter), an intent to induce reliance, and justifiable reliance by the person alleging fraud].) Thus, Son has not established Surviving Spouse's petition included a knowingly false statement made with the intent to induce his reliance. Third, Son knew of the purported will in 2021 and, therefore, has not shown the existence of the will "could not have been discovered prior to entry of [the order]." (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1068.) In particular, the record supports the inference that Son knew of the purported will before the October 27, 2021 hearing where his attorney made an oral objection.

Consequently, even if we assume the 2001 will was valid, Son has not shown the petition's allegation that Decedent died intestate constituted a type of extrinsic fraud recognized by California case law.

### 5. *Jurisdiction in a Fundamental Sense*

Despite Son's failure to directly address whether the probate court lacked jurisdiction in a fundamental sense and to carry his burden on that issue, we will undertake an independent evaluation of the issue. Applying the rule of law defining

15.

fundamental jurisdiction, we will address whether the court "lacked subject matter jurisdiction, lacked personal jurisdiction over the defendant, or granted relief the court had no power to grant." (*Bradley Electric*, *supra*, 100 Cal.App.5th at p. 13.)

First, the record shows the probate court had subject matter jurisdiction over the Property because it was located in Stanislaus County. Second, the court did not grant relief it had no power to grant because Probate Code section 13650 authorizes the court to enter a spousal property order after a surviving spouse has filed a petition in the county in which the real property is located.

Third, as to personal jurisdiction, the record shows both parties had made appearances in case No. PR-21-000991. (See *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 7 [personal jurisdiction conferred by consent of the person, which was manifested by a general appearance in the proceeding].) By filing her petition, Surviving Spouse made her first appearance and submitted to the jurisdiction of the court. (See *Brown v. Swickard* (1985) 163 Cal.App.3d 820, 825 [a plaintiff makes a first appearance and submits to the court's jurisdiction by filing a complaint].) Son made an appearance in the case when an attorney representing him appeared at the October 27, 2021 hearing and made an oral objection to the petition. Based on the parties' appearances, the court had personal jurisdiction over them. (*In re Marriage of Obrecht*, *supra*, at p. 7.)

Consequently, our independent review leads us to conclude the facts in the record establish the court's subject matter jurisdiction, its personal jurisdiction over the parties, and its authority to issue a spousal property order. As a result, the court did not lack jurisdiction in a fundamental sense. (See *Bradley Electric*, *supra*, 100 Cal.App.5th at p. 13.)

In summary, the probate court correctly concluded the spousal property order was not void and relief was not available under section 473, subdivision (d).

16.

**DISPOSITION**

The order denying the motion to set aside under Code of Civil Procedure section 473 is affirmed.  Respondent Malkit Kaur Moundi shall recover her costs on appeal.

 

                                              FRANSON, J.

WE CONCUR:

LEVY, Acting P. J.

SNAUFFER, J.